## Lewis A. Collier *v.* Josiah Stanbrough.

A judgment rendered by a court of the United States, cannot be executed by the seizure and sale of the property of an insolvent succession, under the administration of an executor, curator, or administrator. It can only be satisfied by presenting it to the Court of Probates, under whose direction the succession is being administered, for classification, and payment in due course of administration. Nor can a court of the United States issue an order of seizure and sale, (executory process,) against property belonging to such a succession. It wants jurisdiction, *ratione materiæ.* Such jurisdiction belongs exclusively to the Court of Probates.

Local laws of the states can never confer jurisdiction on the courts of the United States. They can only furnish rules to ascertain the rights of the parties, and thus assist in administering the proper remedies, where jurisdiction has been vested by the laws of the United States.

Appeal from the District Court of Madison, *Willson,* J.

*Stockton, Steele* and *Copley,* for the appellant. The legality of the execution of a writ from a court of the United States, cannot be examined into by a state court. 4 Cranch, 333. 2 Peters, 163. 6 Ib. 655. 10 Ib. 474. Yelverton, 179, 180. A *bona fide* purchaser at a Sheriff's sale, will be protected, though the writ was illegal, or illegally executed. 1 Cowen, 644. Yelverton, 179. A state court cannot enjoin an execution from a court of the United States. 7 Cranch, 280. Though the Mar-

Collier v. Stanbrough.

shal did not obtain possession of the notes themselves, notice of the seizure to the debtor and holder, was equivalent thereto. 5 La. 484. 10 La. 452. Moveables seized in execution are not required to be appraised. Code of Practice, arts. 671, 680, 681, 693, (No. 7,) 722.

*Amonett*, on the same side. No state court can enjoin proceedings under a judgment of a Circuit Court of the United States. 1 Kent's Comm. 409. 5 Cranch, 115. 7 Ib. 279. 10 Wheaton, 21. 3 Story on Const., 625. The state law requiring that all claims for money due by successions, administered by curators, &c., shall be enforced only in Courts of Probate, is contrary to the constitution and laws of the United States. Const. U. S. 3 art. sect. 2 ; 1 art. sect. 10. Act of Congress of 24 Sep. 1789, sect. 11. 1 Kent's Comm. 419. 4 Wheaton, 122, 209. 12 Ib. 213. 8 Ib. 253. 10 Ib. 51. 5 Cranch, 115. 2 Peters, 136, 157. 3 Story's Comm. on Constitution, 546. The United States courts have jurisdiction over executors, curators, &c., when the residence of the parties is such as to confer it. Act of Congress, 24 Sep. 1789, § 31. 4 Dallas, 12. 1 Condens. Rep. U. S. 10, 217. The interest of a party in a note may be sold, though the note itself remain in the possession of the defendant. Code of Practice, arts. 642, 647. 2 Mart. N. S. 616. 4 Ib. N. S. 56, 418. 8 Ib. N. S. 213. 5 La. 486. 14 La. 132.

*Phillips, Dunlap, Bemiss* and *Browder*, for the defendant The Court of Probates had original and exclusive jurisdiction, *ratione materiæ*, of all claims against the succession. 3 Peter's Condens. Rep. 311. Execution against a succession is unknown to our laws, by which, in such a case as the present, the courts of the United States are bound. 13 Peters, 45. Such process, if allowed, would destroy the privileges recognized by law, and substitute others.

SIMON, J. The plaintiff represents, that he is the owner of a certain debt which was originally due by one Dougal M'Call, to the vacant succession of Jesse Harper, deceased, that the debt is evidenced by three promissory notes made payable by M'Call, to the order of David Stanbrough, curator of the said vacant estate ; and that said three notes are secured by a mortgage on a certain tract of land in the parish of Madison. He further states, that he

Collier v. Stanbrough.

purchased the said notes at a Marshal's sale, regularly made by virtue of a writ of *fi. fa.* issued on a judgment rendered against said curator by the District Court of the United States, for the Eastern District of Louisiana. He also alleges, that the defendant Josiah Stanbrough, illegally possessed himself of the first due of said notes, obtained upon it an order of seizure and sale of the property mortgaged, and that the Sheriff is about to proceed to sell the land ; and that if he is permitted to proceed to the said sale, it will cause the petitioner an irreparable injury. He further avers, that he is a creditor of the said vacant succession in a large amount, and that said estate is insolvent ; that said curator has connived with the defendant Josiah Stanbrough, to cheat and defraud the estate and the creditors thereof, &c. ; and that said Josiah took the note in question with a full knowledge of plaintiff's claim, and gave no value or consideration for it. He prays to be declared to be the owner of the note ; but that, if he fails in his demand, said note may be adjudged to belong to the said vacant estate, and that the defendant may be perpetually enjoined from further proceedings, &c. A writ of injunction was issued accordingly.

The defendant first pleaded the general issue ; denied specially, that the plaintiff has any right to the note alluded to in his petition ; denied also, that said note was ever legally seized, or levied on, or sold by the United States' Marshal ; and averred, that he himself was the rightful owner of said note ; that the sale made by the Marshal was null and void, because the forms of law were not observed by said Marshal in making the sale ; that there was no legal seizure, no legal appraisement, and no advertisement ; that said sale was illegal and fraudulent upon its face, and is an absolute nullity ; and finally, that succession property in this State, in due course of administration, in the Probate Courts of Louisiana, cannot be legally subjected to any writ of execution from the federal courts, and that a sale thereof conveyed no rights to the plaintiff. He prayed, that the plaintiff's claim might be rejected, and the injunction be dissolved with damages, &c.

The court, *a qua*, rendered judgment in favor of the defendant, dissolved the injunction, and condemned the plaintiff, and his

surety on the injunction bond to pay to the defendant $427 damages ; and from this judgment, the plaintiff has appealed.

The evidence establishes the following facts : A judgment was rendered in the United States Court, Ninth Circuit, Eastern District of Louisiana, in the suit of *The Farmers Bank of Virginia* v. *David Stanbrough, curator of the estate of Jesse Harper*, *deceased*, for upwards of $12,000 ; the Marshal proceeded to execute said judgment against the curator, whereupon the curator obtained a writ of injunction from the Court of Probates to arrest the sale, which injunction was dissolved, on the grounds of usurpation, and assumed authority by the said Court of Probates. The Marshal then proceeded to seize all the rights and title of the curator to three promissory notes secured by special mortgage, then in his hands, and notified him of the seizure. The sale was advertised, but the notes were not appraised ; and the three notes were adjudicated by the Marshal to the plaintiff in this cause, for the sum of $3500 cash. The aggregate amount of the notes is $11,433 66; After the sale of the notes, the first due of the same, was endorsed over and transferred by the curator to Josiah Stanbrough, who obtained an order of seizure and sale thereon ; whereupon, the present suit was instituted, and the injunction sued out.

It is further admitted in the record, that the plaintiff is a creditor of Jesse Harper's estate and that, for ten years at least, said succession has been insolvent ; that David Stanbrough is, and has been the curator of said estate ever since the first of January, 1840 ; that an inventory of said estate was taken by the Probate Court ; that a sale of the property took place, and that the notes in dispute are the proceeds of the sale ; and that all the proceedings took place by order of the Probate Court. It is also admitted, that the notes sold by the Marshal never came into his corporeal possession, &c. .

There is no evidence that the note in question did not come fairly into the possession of the defendant. The note is endorsed by the curator, and it appears to have been so endorsed, previous to its being protested for non-payment.

This case presents a question very similar, in its nature and effect, to the one which we had under our consideration in

*Garrard, Executor, and others* v. *Reed,* lately decided at Ope-
lousas, 5 Robinson, 506, in which we held, in substance, that a
judgment rendered by a federal court cannot be executed by the
seizure and sale of property belonging to an insolvent succession
under the administration of a curator, administrator or testamen-
tary executor; and that such judgment, sought to be enforced by
an execution put in the hands of the Marshal, cannot be satisfied
in any other manner, but by presenting the same to the Court of
Probates, for classification, to be paid in the course of adminis-
tration.  Since then, a very similar question presented itself be-
fore us at the present term of this court, in the case of *Lowry,*
*Curator,* v. *Erwin,* ante, 192, in relation to the issuing of
an order of seizure and sale by the Circuit Court of the United
States, in which we have again recognized the same doctrine
supported by very strong authorities, and held, that " a creditor,
residing in another State, cannot issue an execution upon the
judgment which he has obtained in the federal court, against the
executor, or administrator of an estate, which is administered in
the Court of Probates as insolvent, and take the property out of
the hands of such executor or administrator, and leave nothing
for the other domestic creditors."  As this court said, in 2 La.
351, this advantage cannot be given to a citizen of another State,
as his right cannot be made to depend upon the tribunal where
the remedy is sought; and we came to the conclusion in the case
of *Lowry, Curator,* v. *Erwin,* that "the Circuit Court of the
United States, had no authority to issue an order of seizure and
sale against a testamentary executor."  The want of jurisdiction
or authority in such cases is *ratione materiæ,* and such jurisdic-
tion belongs exclusively to the Probate Court.  3 Peters' Cond.
Rep. 311.

Here, the property seized was already in the hands of the Pro-
bate Court : it was in the possession of the curator as an officer
appointed by that court; this officer was bound to dispose of it
under the supervision and control of the Probate Court, and to
divide its proceeds between the creditors according to their rank;
and if it could be for a moment admitted, that the proceeding
complained of by the defendant was within the powers and au-
thority of the federal court, it would have the effect of destroying

at once all the legal privileges recognized by our laws, and create new and superior privileges where none can exist. It is clear, that the federal court was without jurisdiction to issue the execution complained of, and the Marshal of the United States was without authority ,to carry it into effect. The doctrine is well recognized, that "the local laws of the States of the Union, can never confer jurisdiction on the courts of the United States ; and that they can only furnish rules to ascertain the rights of the parties, and thus assist in the administration of the proper remedies, where the jurisdiction is vested by the laws of the United States." 11 Peters, 175.

We must hold again, as we did in the two cases above alluded to, that the property of the succession of Jesse Harper, could not be seized by the Marshal of the United States, and that the sale thereof made by him to the plaintiff, under the execution issued against the curator of the said vacant and insolvent estate, is a mere nullity.

It is, therefore, ordered, that the judgment of the District Court be affirmed with costs ; without prejudice to the right which the plaintiff may have to claim and recover of the estate of Jesse Harper, whatever amount he may have paid to the Marshal as the price of his purchase for the benefit of the succession.