PERRY S. KENNARD *v.* DAVID STANBROUGH, Curator of the Vacant Succession of Jesse Harper, deceased.

A judgment rendered by a court of the United States against a curator of a vacant succession, cannot be executed by the seizure and sale of the effects of the succession by the marshal of that court. The effects must remain in the hands of the curator, to be applied to the payment of the debts of the succession in due course of administration. The judgment can be satisfied only by presenting it for classification and payment to the Court of Probates, under the direction of which the succession is being administered. Any sale of the property of the succession, by the marshal under process from the United States court, is a nullity.

APPEAL from the District Court of Madison, *Willson,* J.

SIMON, J. This is another case, in which the plaintiff attempts to sustain his titles to two promissory notes, sold and transferred to him by the marshal of the United States, by virtue of an execution issued on a judgment, rendered in the United States Circuit Court, against the vacant succession of Jesse Harper, deceased.

The facts of this case, are these : The Farmers' Bank of Virginia obtained a judgment in the Circuit Court of the United States against the defendant, as curator of the estate of Jesse Harper, for the sum of about $12,000. An execution was issued, and the marshal was proceeding with the same, when he was enjoined by a writ from the Court of Probates of the parish of Madison. The injunction was dissolved, and the marshal then proceeded to seize two notes, each for the sum of $1505, drawn by Evans & Fretwell, to the order of the curator, of the estate of Harper, and, after advertisements, sold the same at public auction to the plaintiff. The notes, in the mean time, remained in the hands of the curator who refused to deliver them up, and who subsequently sued out an order of seizure and sale against the property mortgaged to secure the payment of the notes he held ; whereupon the plaintiff instituted the present suit, and sued out an injunction to arrest the sale of the property, claiming the said notes as his property, and praying for judgment in his favor, declaring him to be the true owner of said notes, and for damages, &c.

The pleadings in this case are of the same nature as those in the case of *Lewis A. Collier* v. *Josiah Stanbrough* (6 Robinson, 230), and present the same questions, except that, in the present case, the notes claimed by the two parties are in the possession of the curator of the vacant estate of Jesse Harper, and yet belong to said succession, if not legally transferred to the plaintiff.

The other facts disclosed by the record, as resulting from the evidence adduced and the admissions made on the trial, are, sabstantially, the same as those recited in our opinion in the case of *Collier* v. *Stanbrough*; and they shew, among other things, that that the estate of Harper is insolvent; that it is under the administration of a curator, under the supervision of the Probate Court; that an inventory and sale of the property of the estate was made by said court; that the notes in controversy are the proceeds of said sale; and that said notes never came into the possession of the marshal.

There was judgment below in favor of the defendant, dissolving the injunction, and condemning the plaintiff, and his surety on the injunction bond, to pay to the defendant $151 damages; and from this judgment, the plaintiff appealed.

The present case is in its nature similar to the one between *Lewis A. Collier* v. *Josiah Stanbrough* (6 Rob. 230), and must be governed by the same rules. Here, the plaintiff seeks to take notes by him purchased at a marshal's sale, out of the hands of the curator of Jesse Harper's estate; but, we think, they must remain in the possession of the defendant, in order to apply the proceeds thereof to the payment of the debts of the estate, in due course of administration.

Under the principles recognized in the cases of *Garrard* v. *Reed, Lowry* v. *Erwin* (6 Rob. 192), and *Collier* v. *Stanbrough* (6 Rob. 230), decided at the last term of this court, we must consider the marshal's sale, which is the basis of the present action, as a mere nullity.

It is, therefore, ordered, that the judgment of the District Court be affirmed, with costs; without prejudice to the right which the plaintiff may have to claim and recover of the estate of Jesse Harper, whatever amount he may have paid to the

marshal, as the price of his purchase, for the benefit of the succession.

*Snyder*, for the appellant.

*Dunlap*, for the defendant.