No. 10,233.

J. H. MASSIE VS. T. R. BRADY ET ALS.

W. P. SMITH VS. THOMAS BRADY.

(CONSOLIDATED).

---

It is elementary that a *bona fide* purchaser at a judicial sale is protected by the decree, and he is not compelled to go behind it and investigate the facts upon which the decree was rendered.

Claiming the proceeds of a sale judicially affirms the validity of the sale, and the party cannot, afterwards, attack the sale for nullity, unless it be shown that the judicial admission was made through an error of fact.

APPEAL from the Civil District Court for the Parish of Orleans.
*Voorhies*, J.

---

*J. E. Wallace* for J. H. Massie, Plaintiff and Appellant:

The payment of a note, at its maturity, extinguishes a mortgage given for its security. The subsequent re-issue of the note does not revive the mortgage. Hill vs. Hall, 4 Rob. 46; Shenkel vs. Graves, 19 Ann. 260; Smith vs. Brady, 37 Ann. 122.

" Where an obligation is *prima facie* prescribed, there must be authentic evidence of inter-ruption of the prescription before one can proceed *via executiva.*" Hennen's Digest, page 848. and cases cited, of Union Bank vs. Dosson, 7 Ann. 548; Fowler vs. Beatty, 10 Ann. 275.

" A sale under a *fi. fa.*, pending a third opposition, if the opposition be sustained, is null." Hennen's Digest, page 1181, No. 11; Ludeling vs. Graves, 3 Ann. 599.

" The law considers all purchasers affected with notice of the opposition." Lobdell vs. Union Bank, 8 Ann. 117; Borde vs. Erskine, 33 Ann. 873. In case at bar, the purchaser, Mc-Adam, admits his previous knowledge of the pending opposition.

" Pending an action for property, it cannot be alienated to plaintiff's prejudice: if he get a judgment it is considered the sale of another's property, and he may be put in possession, or subject the property to execution." Hennen's Digest, page 1325, No. 5, and authorities there cited.

The enjoinment of a judicial sale is not an essential prerequisite to securing the rights of a party having a real right to the thing seized. C. P. Art. 400.

It was under this Article (400) that in above case of Ludeling vs. Graves, 3 Ann. 597, the third opposition was taken.

Mortgage creditors who have not, by third opposition, primarily, opposed a judicial sale, re-tain their rights to " urge the nullity, and have it declared void and of no effect." As in Borde vs. Erskine, 33 Ann. 879; see also Wilson vs. Gallien, 1 Rob. 34.

A judicial sale, to enforce a conventional mortgage, in no manner impairs or works a cancella-tion of a anterior judicial mortgage. C. P., Arts. 709, 710. *A fortiori,* when previous to issuance of the writ, the conventional mortgage is extinct, as in the case at bar.

*Wm. R. Mills* on the same side.

---

*James David Coleman* for M. J. McAdam, Defendant and Appellee :

No contract of, or with the debtor, can be avoided by a creditor, except such as is made in fraud of his rights, or if carried into execution would have the effect of defrauding. If made in good faith it cannot be annulled, although it prove injurious, and although made in bad faith it cannot be annulled unless it operates injury to the creditor. C. C. 1978. When neither fraud nor injury is alleged, in such an action there is no legal cause of action. C. C. 1779 *et seq.*; 30 Ann. 174; 31 Ann. 585; 6 Ann. 61, 585; 8 Ann. 503.

An onerous contract made by one for value and in good faith with the debtor, who fraudu-lently enters into such contract, cannot be annulled to the prejudice of the contracting party in good faith. *Id.* and C. C. 1981 *et seq.*

When there is a cession, the right to annul and revoke contracts and judgments or agreements made by, or with, the debtor, vests exclusively in the syndic. No individual creditor has a right of action after the debtor's cession to annul or revoke such contracts. C. C. 1970, 1971.

The action to annul fraudulent contracts, or such as operate an injury, must be brought by a judgment creditor within one year from the date of his judgment against the debtor. C. C. 1994.

The reissuance of a paid note, secured by mortgage, to a *bona fide* third person, vests in such person a valid mortgage against the property of the debtor, without prejudice to real rights acquired previous to reissuance and after payment. 35 Ann. 1, 5, 6; 16 Ann. 435.

A sale of property made under an order of seizure and sale, issued by a court of competent jurisdiction, vests in a *bona fide* purchaser a good and valid title, and he is protected by such an order and need not look beyond it. C. P. 732 to 740; 5 N. S. 214; 8 L. R. 424.

The order of seizure is in no manner affected by the subsequently ascertained fact of the defect or insufficiency of the evidence upon which the order issued, unless such fact

Massie vs. Brady et als.

is shown on an appeal from such order. While a mortgage may be invalid, and even null in fact, if regular in form the order and writ of seizure rendered thereon, unless appealed from, are not affected thereby, and the execution of the writ vests in the purchaser a good title. The confusion of the mortgage or the extinguishment of the debt by prescription or otherwise, disclosed by proceedings subsequent to the adjudication cannot affect a *bona fide* purchaser. 5 N. S. 214; 8 L. R. p. 424; 31 Ann, 58; 2 Peters, 166; 18 Howard, 497; 2 Ann, 468; 14 Ann. 154; 18 Ann. 485; 22 Ann. 368-371; 25 Ann. 80; 26 Ann. 709.

Under the law of this State third opposition is permitted in two cases, viz:

1. When the third opponent is a creditor of the seized debtor and seeks to regulate such seizure, in so far as it affects his rights.

2. When the third opponent claims ownership of the seized property. C. P. 396.

The intervention by third opposition by a judicial mortgage creditor, who claims a preference over the seizing creditor on the property seized, and asks to have the proceeds to be realized from the sale detained and applied to the payment of his debt by such preference, and secures an order of court to have such proceeds held and detained to pay his debt, is a judicial affirmance of the validity of the order, of the evidence upon which it is based, and of the adjudication from which affirmance he cannot afterwards recede to the prejudice of the purchaser. Claiming the proceeds is an affirmance of the validity of the proceedings and sale by which the proceeds are realized. 31 Ann. 100, 103, 104; 29 Ann. 274; 24 Ann. 289; 2 Ann. 684; 3 Ann. 454; 21 Ann. 263, 500; 22 Ann, 136; C. C. 2291; 26 Ann. 630; 23 Ann. 735; 5 Ann. 18; 4 Ann. 416.

A superior mortgage creditor cannot arrest the sale of the debtor's property at the instance of an inferior mortgage creditor. His rights cannot be impaired by the sale, since, if a special mortgagee, the property must sell for sufficient to pay him, and, if a judicial mortgagee, he must look to the proceeds. An injunction cannot legally issue to arrest such a sale. 5 R. R. 496; 7 M. 281; C. P. 679.

A judgment, unless revived, is prescribed in ten years from its rendition. C. C. 3547; 21 Ann. 295; 23 Ann. 176; 29 Ann. 295-296; 30 Ann. 692, 1331. Plaintiff's judgment is prescribed.

One year prescribes plaintiff's action to annul the mortgage, the order of sale and the adjudication. C. C. 1994; 24 Ann. 260; 28 Ann. 625; 29 Ann. 285.

---

*Bayne, Denègre & Bayne* for T. J. Fallon, Syndic:

Proceeds in the hands of a sheriff, resulting from the sale of property of an insolvent, form part of his assets, and must be turned over to the syndic of his creditors for distribution among them *in concursu*. Bajourin vs. Ramelli, 35 Ann. 783; Lyons vs. McRae, 14 Ann. 438.

All of the debtor's property passes to his creditors by the surrender, whether mentioned in the schedule or not. 11 La. 531; 12 La. 109; 2 R. 133; 8 R. 123.

The subsequent death of the insolvent does not divest possession of syndic, who continues to administer as usual; the surplus, if any, goes to the succession representative. Laurence vs. Guice, 9 R. 219; R. C. C. Art. 2180.

---

*James Timothy* and *T. Gilmore & Sons* for Mary Hughes.

*Gus. A. Breaux* for the Public Administrator.

---

The opinion of the Court was delivered by

McEnery, J. This case was before this court in February, 1885, and the facts are stated in 37 Ann. p. 122. In that case the court said: "The

only present solution of the matter open to us is to vacate the judgment below as in case of *non suit*, leaving the parties to take such proceedings as will present the issues in a form susceptible of adjudication of the rights of all those who are interested."

In pursuance of this decree, J. H. Massie brought suit against W. P. Smith, Thos. R. Brady, the sheriff, and M. J. McAdam, to have the sale annulled from the sheriff to McAdam in the executory proceedings of Smith vs. Brady, under and by virtue of which McAdam purchased the property. During this litigation Brady took the benefit of the insolvent laws. The syndic has been made a party to the suit. Brady died and the public administrator has also been made a party.

Massie, in his petition, alleges that the executory proceedings and the sale to McAdam by the sheriff are null and void, as the mortgage note upon which the order of seizure and sale was granted had been extinguished by payment when the order was granted and the writ of seizure and sale issued, and the sale as to McAdam is, therefore, null and void. He asks that the sale be set aside and the property made subject to his judicial mortgage. McAdam and Mrs. Hughes, another mortgage creditor, answer, and both maintain the validity of the sale from the sheriff to McAdam.

The district judge rendered a judgment sustaining the validity of the sale to McAdam, dismissing plaintiff's suit, in that respect, and referring all other issues, costs included, to the *concurso*, the fund to be distributed by the syndic.

It will not be necessary to notice the exceptions filed in the suit. The only question presented for solution is was the sale to McAdam by the sheriff, under the writ of seizure and sale as valid.

In the executory process of Smith vs. Brady, the mortgage debt apparently existed. The proceedings were all regular, and the order was issued by a court of competent jurisdiction. The judgment was not arrested, either by a suspensive appeal or injunction. It is shown that McAdam was a bona fide purchaser. His good faith is not disputed. It is elementary that a bona fide purchaser at a judicial sale is protected by the decree ordering the sale, and he is not compelled to go behind it and investigate the facts upon which the decree was rendered. 18 Ann. 485, and authorities cited.

In the executory process obtained by Smith against Brady, Massie, the judicial mortgage creditor, filed a third opposition and alleged the payment of the note and extinguishment of the mortgage, upon which Smith obtained his order, and therefore he had a preference on the proceeds of the sale over the seizing and other creditors.

NEW ORLEANS, MAY, 1889.					557

State ex rel. Syndic et al. vs. Judge, etc.

On his application an order was rendered by the district judge directing the sheriff to retain in his hands the proceeds of the sale of the property, until the further orders of the court.

His opposition was filed in accordance with Art. 401 C. P., and the sale took place as a matter of course, and the rights of the opponent are transferred to the proceeds. Claiming the proceeds judicially affirms the validity of the sale, and the party cannot afterwards attack the sale for nullity unless it be shown that the judicial admission was made through an error of fact. 31 Ann. p. 100.

There is no proof that the opposition of Massie was made through any error of fact. He alleged in that opposition all the facts which he now presents for the nullity of the judgment.

The judgment appealed from is correct and is therefore affirmed.