(63 South. 755.)

No. 20,196.

HUCKABY v. HUCKABY et al.

In re HUCKABY et al.

(Nov. 3, 1913.)

*(Syllabus by the Court.)*

1. EXECUTORS AND ADMINISTRATORS (§ 367*) —SALE OF REALTY—VALIDITY.

Where land is sold under an order of court by an administrator, at its first offering, for less than two-thirds of· the appraised value, and for less than its real value, the sale is a nullity, and not a mere informality. Succession of Hood and wife, 33 La. Ann. 472; Lacroix v. Crane, 62 South. 657, 133 La. 227.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1545–1549; Dec. Dig. § 367.*]

2. EXECUTORS AND ADMINISTRATORS (§ 326*) —SALE OF PROPERTY—VALIDITY—APPRAISED VALUE.

An administrator of a succession cannot provoke a sale of succession property for the purpose of effecting a partition. Succession of Dumestre, 40 La. Ann. 571, 4 South. 328; Byrnes v. Byrnes, 115 La. 275, 38 South. 991.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1343; Dec. Dig. § 326.*]

Action by J. T. Huckaby against Bryant Huckaby and others. Judgment for defendant was reversed by the Court of Appeals, and Minnie Huckaby and others apply for certiorari or writ of review. Judgment of Court of Appeals reversed, and judgment of district court reinstated, with reservations.

W. U. Richardson, of Arcadia, for applicant. S. C. McGarrity, of Arcadia, for respondent.

SOMMERVILLE, J. This is a petitory action for the recovery of certain property in possession of defendant. There was judgment in favor of defendant by the district court, this judgment was reversed by the Court of Appeals, and we are asked to review and reverse the judgment of the latter court.

Plaintiff alleges that he acquired the ownership of the property from the succession of Mrs. Mary Hay-Deas, an ancestor of defendant, Mrs. Bryant Huckaby, and that the same was sold in due course of administration for the purpose of paying the debts of said succession.

Defendant answers that the property was sold by the administrator without authority; that the succession owed no debts, or, that the debts were very small, and the movable property inventoried was of much greater value than the amount of said debts; that the property was sold at its first offering for less than two-thirds of its appraised value; and, further, that the order to sell the property to effect a partition was without any foundation, as there had been no suit for a partition of the property.

The allegations in the defendant's answer are borne out by the evidence found in the record.

On a full and careful consideration of the validity of a sale by an administrator, we hold, in the Succession of Hood, 33 La. Ann. 466, 472, as follows:

"We take the rule to be that the property left by deceased persons, when ordered to be sold to pay debts on the application of a succession representative, executor, administrator, or other, in any succession, legal, testamentary, or irregular, vacant or not, accepted with the benefit of inventory or unconditionally, whether the heirs be of age or minors, or both, present or absent, or both, can be legally sold for less than the appraisement thereof, but not for less than two-thirds thereof at the first offering, and that the only case in which the law requires that the appraisement be reached is when one or more creditors required a sale under the provisions of articles 990–992, C. P."

And in Lacroix v. Crane, 133 La. 227, on page 233, 62 South. 657, on page 659, we say:

"In Succession of Hood and wife, 33 La. Ann. 472, the court, after a careful review of all codal provisions and adjudged cases on the subject-matter, held the rule to be that, on the application of a succession representative for a sale to pay debts, the property of the estate 'can be legally sold for less than the appraisement thereof, but not for less than two-thirds thereof at the first offering.' The question thus adjudicated was set at rest by that decision."

In Thibodeaux v. Thibodeaux, 112 La. 906, 36 South. 800, we hold that a probate—

"sale, upon the first offering, of the property of a succession for less than one-tenth of its value, according to the last appraisement, is a matter of substance, and not a mere informality."

According to the reasoning in that case, the question of "informality" vel non depends on the value of the property at the time and under the circumstances of the sale. If property be sold for less than two thirds of the appraisement, and less than its value at the time, the defect is one of substance. In such a case there is not only illegality but substantial injury. We adhere to this ruling as correct in principle, and as necessary for the protection of creditors, heirs, and all other persons interested in the administration of estates according to law.

On the question of the sale to effect a partition among the heirs, it is provided by law and jurisprudence that an administrator cannot cause the succession property to be sold to effect a partition. This can only be done by suit of one or more heirs on co-owners contradictorily with the other co-heirs or co-owners. Byrnes v. Byrnes, 115 La. 275, 38 South. 991; Succession of Dumestre, 40 La. Ann. 571, 4 South. 328.

The property was sold by the administrator at its first offering for $400, just one-half of its appraised value, and without any reason for selling it. There is but one appraisement for $800 in the record. The sale was null; and plaintiff did not acquire title to the property.

Plaintiff pleads that defendant, Mrs. Huckaby, is estopped to deny the validity of the sale of the property involved because she participated therein, and she thereby ratified same.

The evidence is that Mrs. Huckaby was not present at the sale, and took no part therein. She authorized her husband to attend the sale of the movables belonging to the succession, and to bid on some of them for her. But he did not bid on the immovable, and she did not authorize him to bid thereon. The administrator was authorized to sell the movables to pay debts of the succession, and defendant had the right to purchase, or to authorize her husband to purchase, some of the movables offered for sale. The sale of the movables was not involved in the sale of the real estate.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeals be annulled, avoided, and reversed, and that the judgment of the district court be reinstated and made the judgment of this court, with the reservation of the right of plaintiff to recover the price paid at the probate sale, and any taxes paid by him on the property; costs to be paid by plaintiff.