O’NIELL, J.
The defendant, as adminis-tratrix of the succession of her deceased husband, J. D. Romero, and as tutrix of her minor children, appeals from a judgment recognizing the succession of Mrs. Olivia Romero, deceased, to be the owner of a half interest in a tract of about 100 acres of land, and ordering that the property be divided in kind between the two -successions. Appellant contends that the property belonged entirely to the marital community between her and her husband, and that it now belongs solely to her and the minor children of the marriage.
The deceased, J. D. Romero, was a brother of the plaintiff. Their parents, Devezin and Mrs. Olivia Romero, owned several tracts of land forming what was called the Buena Yista plantation; and defendant contends that the land in dispute formed a part of the Buena Yista plantation, the title to which passed from the widow and heirs of Devezin Romero during the lifetime of the widow, Olivia Romero. Plaintiff contends that the 100-acre tract in dispute was not a part of the Buena Yista plantation and was not included in the description thereof when the plantation was seized and sold as the property of the widow and heirs of - Devezin Romero. It is admitted that the 100 acres of land in dispute belonged to the marital community' between Devezin Romero and Olivia Romero. .The main question is whether the description under which the lands of the widow and heirs of Devezin Romero, deceased, were seized and sold, embraced the 100 acres in controversy.
Devezin Romero' died some time before June 4, 1S9-4; the exact date does not appear in the record and is not important. He was survived by his widow, Olivia Romero, and 11 children, issue of the marriage, all of the age of majority, namely: Honoré, Oscar D., B., Michael, Octave P. (plaintiff herein), J. D. (the deceased husband of the defendant herein), Mrs. Clelie Romero ' Patout, Mrs. Blanche Romero Nuckolls, Mrs. Odille Romero Pointis, Mrs. Emilie Romero Per-rodin, and Mrs. Mathilde Romero Derouen.
On the 4th of June, 1894, the widow and heirs mortgaged the Buena Vista plantation to the commercial firm of Devert, Burguieres & Co., under the following description, viz.:
“That certain sugar plantation known as the Buena Vista plantation, with all of the buildings and improvements thereon and thereunto belonging, and all appurtenances thereof, situated in the parish of Iberia, state of Louisiana, containing six hundred and forty superficial acres, more or less, and bounded north by lands of Camille 1! -ard, Oyide Landry, and Leo Hebert, south by those of present mortgagors, Camille Broussard, and the estate of Dorsily Romero, or assigns, east by those of said estate of Dorsily Romero, or assigns, and of Alfred Romero, and west by those of Gall and J. B. Cedotal.”
The mortgage was foreclosed and the property was sold by the sheriff to Octave P. Romero, the plaintiff herein, on the 16th of January, 1897.
The property was mortgaged by Octave P. Romero to H. Patout, who subsequently foreclosed his mortgage, and, on the 12th of March, 1904, it was sold by the sheriff to *967 Adolph B. Romero, one of the brothers of the plaintiff h'erein, under the following description, viz.:
“That certain plantation known as Buena Vista plantation, together with all the buildings and improvements thereon and thereunto belonging, and all appurtenances thereof, situated in the parish of Iberia, containing six hundred and forty superficial acres, bounded north by the property of Camille Berard et al., or assigns, south by that .of Camille Broussard et al., west by the lands of J. Gall and son, or assigns, and J. B. Cedotal, and east by lands of Alfred Romero et al., or assigns.”
On. the 23d of March, 1964, Adolph B. Romero sold the plantation to his brothers, Honoré and Oscar D. Romero, under a description substantially the same as that given in the sale to Adolph B. Romero.
On the 23d of March, 1904, Honoré and Oscar D. Romero sold a third interest in Buena Vista plantation to Adolph B. Romero, describing the place substantially the same as it was described in the deed to Honoré and Oscar D. Romero.
On the 21st of December, 1906, Honoré Romero, Oscar D. Romero, and Adolph B. Romero, together with Mrs. Olelie Romero Patout, Michael Romero, Mrs. Blanche Romero Nuckolls, Mrs. Odille Romero Poin-tis, and Mrs. Emilie Romero Perrodin, sold to J. D. Romero (whose succession is the defendant herein), for $800 cash, the 100 acres of land now in dispute, under the following description, viz.:
“All of their, said vendors’, undivided right, title, share, and interest in and to a certain tract of land situated at Isle Aux Cannes, in said parish and state, containing one hundred and fourteen superficial arpents, more or less, and bounded north by Garcia Romero, south by the public road, east by Ozeme Bonin, and west by Desire Broussard, being property inherited by the vendors from their deceased father, Devezin Romero, and in which the present purchaser already has an interest.”
It will be observed that all of the sons and daughters of the deceased Devezin Romero signed the sale last mentioned, excepting Octave P. Romero, the plaintiff in this suit, and his sister, Mrs. Mathilde Romero Derouen.
If the tract of 100 acres, or 114 arpents, of land formed a part of the Buena Vista plantation or was embraced within the boundaries given in the deeds by which Honoré and Oscar D. and Adolph B. Romero had acquired Buena Vista plantation, they were the sole owners of the 100-acre tract, each owning a third interest, and there was no reason why any of their brothers or sisters should have signed the act' of sale to J. D. Romero. The plaintiff in this suit relies upon the fact that nine of the heirs of De-vezin Romero signed the act of sale to J. D. Romero as proof of his contention that the 100-acre tract had not been included in the several sales of Buena Vista plantation, and was therefore owned by the widow and heirs of Devezin Romero, deceased, at the time of the sale to 3. D. Romero. This suit was based upon that contention and upon the averment, therefore, that the 100-acre tract belonged, one-half to the succession of the widow, Olivia Romero, one twenty-second to the plaintiff, Octave P. Romero, individually, and one twenty-second to his sister, Mrs. Mathilde Romero Derouen. Mrs. Derouen was therefore made party defendant in this action for partition; but in her answer to the suit she denied having any interest whatever in the property, and alleged that it had formed a part and parcel of the Buena Vista plantation belonging to her brothers, Honoré, Oscar D., and A. B. Romero, and that they, being the sole owners of the property, had sold the 100 acres to her brother J. D. Romero, deceased.
In his petition, the plaintiff, Octave P. Romero, individually, claimed an undivided twenty-second interest in the 100 acres of land by inheritance from his father, De-vezin Romero, deceased; but on the trial of the case he announced in open court that he *969 renounced his individual interest in the property in dispute in favor of the heirs of his deceased brother, J. D. Romero, defendants herein, and would restrict his claim to the interest of the succession of his deceased mother, Olivia Romero.
On the trial of the ease Oscar D. Romero and Honoré Romero, who, with their brother Adolph B. Romero, had sold the 100 acres of land to the deceased J. D. Romero, testified that the 100 acres had formed a part of Buena Vista plantation, and that their mother had no interest in the property after it was sold in the foreclosure proceedings in execution of the mortgage in favor of Levert, Burguieres & Co. When the description of Buena Vista plantation was read to the witnesses, giving the boundaries stated in. the deed by the sheriff to the plaintiff, Octave P. Romero, and in the subsequent sale by the sheriff to Adolph B. Romero, and in the deed by him to Honoré and Oscar D. Romero, and in the deed by them to Adolph B. Romero, the witnesses stated that the boundaries would include the 100 acres of land in contest if the name “Desire Broussard” were substituted for “Camille Broussard” as the owner whose land bounded Buena Vista plantation on the south. The witnesses testified that they did not know of any land owned by Camille Broussard in that vicinity, but that Desire Broussard owned the land adjoining Buena Vista plantation on the south.
The testimony of the two Romeros was corroborated by that of S. O. Nuckolls, husband of plaintiff’s sister, Mrs. Blanche Romero Nuckolls. And there is no evidence in the record to the contrary, except the inference which is drawn from the statement in the deed by which J. D. Romero bought the 10O acres of land, that the property was inherited by the vendors from their deceased father, Devezin Romero, and that the purchaser, J. D. Romero, already 'had an interest in. the property.
•The argument, or supposition, of the attorney for appellant is that the notary public made a mistake in saying that the property had been acquired by the vendors in the sale to J. D. Romero by inheritance from their father, Devezin Romero.
The supposition is that the notary public overlooked the fact that the land of Devezin Romero, composing Buena Vista plantation and including the 100 acres now in contest, had been mortgaged by the widow and heirs of Devezin Romero, had been seized and sold under foreclosure of the mortgage, and had been acquired by Honoré, Osear D., and Adolph B. Romero, at the time of the sale of the 100 acres to J. D. Romero.
There is no map in the record showing the location of the land in contest with reference to the several other tracts of land that comprised Buena Vista plantation;. and it is utterly impossible for us to determine, from the boundaries stated in the deeds, whether. the 100-acre tract in dispute did or did not form a part of Buena Vista plantation, or whether it was or was not embraced within the boundaries given in the several sales of the plantation.
It appears that, after having sold the 100 acres of land to J. D. Romero, Honoré and Oscar D. and Adolph B. Romero made a division in kind of the remaining land, each taking a specified tract. It appears, too, that a map was made for the purpose of that partition, and that the map was offered in evidence in this suit; but it is not in the record. We assume that the reason for omitting it from the transcript was that it did not show the location of the 100 acres of land that had been sold to J. D. Romero, and that therefore it would not serve the purpose of showing whether the 100-acre tract was with;in the boundaries given in the several.deeds describing Buena Vista plantation.
*971 [1] Mrs. Olivia Romero, or the administrator of her succession, has never paid taxes on the land in dispute nor asserted any claim to it, from the date of the sale of Buena Vista plantation under foreclosure of the mortgage of Levert, Burguieres & Co. until the property was placed upon the inventory of her succession. An undivided half interest of the property in dispute is the only item on the inventory, which was made only a few months previous to the filing of this suit. On the other hand, J. D. Romero went into possession of the land as soon as he bought it. He built a residence on the land, at a cost of about $1,000, built a barn, and made other improvements, and he, and in turn his widow and children, have occupied the property, unmolested by any of the heirs of Mrs. Ólivia Romero, ever since he bought it. Under the circumstances we do not regard the inference that is drawn from the statements in the deed by which J. D. Romero acquired the 100-acre tract sufficient proof that the vendors, Honoré, Oscar D., and Adolph B. Romero, were not the sole owners of the land. The only true test is whether the area and boundaries stated in the sale of Buena Vista plantation included this 100-acre tract. If the description of Buena Vista plantation did include the 100-acre tract, the succession of Mrs. Olivia Romero has no interest whatever in the property.
It is remarkable, too, that the record does not disclose the date of the death of Mrs. Olivia Romero. We cannot determine from the record whether she died before or after 'the sale of the 100 acres to J. D. Romero. If she was dead at that time, the deed signed by nine of her sons and daughters, together with the renunciation made by the other son and daughter in this suit, conveyed every interest in the 100 acres of land to J. D. Romero and his succession.
[2] The judgment in this case is wrong in two particulars. It is wrong in ordering the partition of the property in kind, because an administrator of a succession has no right to demand a partition. A suit for partition can only be maintained by one or some of the co-owners of the land. The partition of real estate belonging to a succession, whether in kind or by licitation, is not an administrative function. See Hutchiss v. Dodd, 13 La. 86; Pipkin v. Thompson, 14 La. 272; Succession of Morgan, 12 La. Ann. 153; Hebert v. Hebert, 22 La. Ann. 309; Byrnes v. Byrnes, 115 La. 295, 38 South. 991; Huckaby v. Huckaby, 134 La. 107, 63 South. 755.
This suit should therefore stand as a pet-itory action for the recovery of whatever undivided interest the succession of Mrs. Olivia Romero may have in the 100 acres of land.now in the possession of the widow of J. D. Romero. If the succession of Mrs. Olivia Romero should be adjudged the owner of an undivided interest in the land, that interest may hereafter be sold in the probate proceedings of the succession of Mrs. Olivia Romero, provided a sale be necessary to pay debts of the succession.
[3] The judgment appealed from appears wrong also in recognizing the succession of Mrs. Olivia Romero to be the owner of one-half of the land in dispute, even if Mrs. Romero was living when the sale was made to J. D. Romero. If J.. D. Romero survived his mother, he inherited an eleventh interest in her succession. If she survived him, his minor children, who are defendants in this suit, inherited an eleventh interest in her succession, by representation- of their deceas-, ed father. Besides, these children, are now the owners of the interest renounced in this suit by their aunt, Mrs. Mathilde Romero Derouen, and the interest renounced by their uncle, the plaintiff herein. The widow and heirs of J. D. Romero own also unquestionably whatever interest Honoré, Oscar D., and Adolph B. Romero inherited from their mother. It may be that the interests so ac *973 quired. by the widow and heirs of J. D. Romero after the death of Mrs. Olivia Romero are subject to the claims of creditors of her succession; but the record does not furnish any information on that question.
We have concluded, therefore, to set aside the judgment appealed from and remand the case for proof of the date of the death of Mrs. Olivia Romero, and for proof of the location of the land in dispute with reference to the other tracts of land that formed. part of Buena Vista plantation. For that purpose a survey should be made giving the name of the owner of each adjacent tract of land forming the boundaries of Buena Vista plantation and of the land in dispute, and giving the name of the owner of each adjacent tract at the time of every sale made of Buena Vista plantation subsequent to the death of De-vezin Romero.
The judgment appealed from is annulled, and it is now ordered that this case be remanded to the district court for further proceedings not inconsistent with the foregoing opinion. The appellee is to pay the costs of the present appeal. All other costs are to depend upon the final judgment.