This case was before the court in Romero v. Rader, reported in146 La. 964, 84 So. 221. The judgment appealed from was annulled, and the case was remanded —
"for proof of the death of Mrs. Olivia Romero, and for proof of the location of the land in dispute with reference to the other tracts of land that formed part of Buena Vista plantation."
The court directed that:
 "For that purpose a survey should be made giving the name of the owner of each adjacent tract of land forming the boundaries of Buena Vista plantation and of the land in dispute, and giving the name of the owner of each adjacent tract at the time of every sale made of Buena Vista plantation subsequent to the death of Devezin Romero." *Page 42 
The 100-acre tract in dispute was acquired by Devezin Romero during his marriage. He died some time before June 4, 1894, and was survived by his widow, Olivia Romero, and eleven children, issue of the marriage, and all of the age of majority. On June 4, 1894, the widow and heirs mortgaged the Buena Vista plantation, consisting of several tracts, to the commercial firm of Levert, Burguieres Co. The mortgage was foreclosed, and the plantation was purchased on the 16th day of January, 1897, by Octave P. Romero, the plaintiff herein.
The property was mortgaged by Octave P. Romero to H. Patout, and, on the 12th of March, 1904, it was sold by the sheriff to Adolph B. Romero, one of the brothers of plaintiff.
On the 23d of March, 1904, Adolph B. Romero sold the plantation to his brothers Honore and Oscar D. Romero.
On the 23d of March, 1904, Honore and Oscar D. Romero sold a third interest in Buena Vista plantation to Adolph B. Romero.
On the 21st of December, 1906, all of the sons and daughters of the deceased, Devezin Romero, excepting Octave P. Romero, and his sister, Mrs. Mathilde Romero Derouen, sold to J.D. Romero (whose succession is the defendant herein) the 100 acres of land now in dispute, under the following description, viz.:
 "All of their, said vendors', undivided right, title, share, and interest in and to a certain tract of land situated at Isle Aux Cannes, in said parish and state, containing one hundred and fourteen superficial arpents, more or less, and bounded north by Garcia Romero, south by the public road, east by Ozeme Bonin, and west by Desire Broussard, being property inherited by the vendors from their deceased father, Devezin Romero, and in which the present purchaser already has an interest."
Octave P. Romero, acting personally and as administrator of the estate of Olivia Romero, has sued the administratrix of the succession of J.D. Romero and Mrs. Mathilde *Page 43 
Romero Derouen for a partition of this 100-acre tract.
Mrs. Mathilde Romero Derouen answered to the effect that she had no interest in the property and declared that it belonged to the estate of her brother J.D. Romero.
Octave P. Romero made a judicial declaration to the effect that he wished to cede his individual one twenty-second interest in the property to the children of his deceased brother, and, this being recognized in the judgment, the controversy has narrowed to a question between the estate of Olivia Romero, the widow of Devezin Romero, who died July 6, 1915, and that of J.D. Romero. As the death of Olivia Romero occurred nine years after the sale made to J.D. Romero by her heirs of the interest of her deceased husband, Devezin Romero, it is clear that her undivided half interest as surviving widow in community in the 100-acre tract was not affected thereby, if said tract was not included in the act of mortgage and in the sales made subsequently thereto of the Buena Vista plantation.
The description of the property included in the act of mortgage executed by the widow and heirs of Devezin Romero on June 4, 1894, to the commercial firm of Levert, Burguieres Co. is as follows, viz.:
 "That certain sugar plantation known as the Buena Vista plantation, with all of the buildings and improvements thereon and thereunto belonging, and all appurtenances thereof, situated in the parish of Iberia, state of Louisiana, containing six hundred and forty superficial acres more or less, and bounded northby lands of Camille Berard, Ovide Landry and LeoHerbert, south by those of the present mortgagors,Camille Broussard, and the estate of Dorsily Romero orassigns, east by those of said estate of Dorsily Romeroor assigns, and of Alfred Romero and west by those ofGall and of J.B. Cedotal."
We now have before us the necessary maps to determine whether the 100-acre tract in dispute formed a part of the Buena Vista *Page 44 
plantation and was included in said mortgage and in subsequent sales.
The description of this plantation as given in the subsequent sales is:
 "That certain plantation known as Buena Vista plantation, together with all the buildings and improvements thereon and thereto belonging, and all appurtenances thereof, situated in the parish of Iberia, containing six hundred and forty superficial acres, bounded north by the property of Camille Berardet al. or assigns, south by that of Camille Broussardet al. west by the lands of J. Gall and son, orassigns, and J.B. Cedotal, and east by lands of AlfredRomero et al. or assigns."
It is clear from the act of mortgage and acts of subsequent sales of the Buena Vista plantation that the property was hypothecated and sold in each instance, as lying within fixedbounds, described in the various acts.
The maps show the tract in question as located southeast of the southeast corner of the main tract of 381.41 acres of the Buena Vista plantation, and separated from same by a distance of 1 1/2 acres, belonging to the estate of Garcia Romero, and to Desire Broussard. In other words, there is a distance of 355 feet from the southeast corner of the main tract of the Buena Vista plantation, going east in a direct line, to the northwest corner of the 100-acre tract in controversy; the area of said tract, as given on the map, being 81.24 acres.
The southern limits of the Buena Vista plantation is defined in the act of mortgage to Levert, Burguieres Co., as bounded "by those (the lands) of the present mortgagors, Camille Broussard, and the estate of Dorsilly Romero or assigns."
[17] The Buena Vista plantation, as described in all subsequent sales, is bounded "south by that of (the property) of Camille Broussard et al."
None of these descriptions include the 100-acre tract in dispute, which is bounded on the north by the estate of Garcia Romero, on *Page 45 
the east by the lands of Ozemine Borin, on the south by a public road separating the 100-acre tract from the lands of Joe Labische, and on the west by the lands of Desire Broussard.
The tract in controversy in this case does not lie south at all of the main tract of the Buena Vista plantation, but is disconnected, at the southeast corner of the main tract, from the southern boundary of said plantation by an intervening strip of land belonging to other owners.
The Buena Vista plantation was not sold at the rate of so much per measure, but "from boundary to boundary," and is a sale per aversionem. The purchasers took all the land between such bounds, whether consisting of 640 acres more or less. R.C.C. arts. 854, 2494, 2495; Gay v. Larimore, 26 La. Ann. 253; Messi v. Freshede,113 La. 679, 37 So. 600; R.C.C. arts. 854, 2494, 2495.
As the 100-acre tract is not adjacent to the main tract composing the Buena Vista plantation, it is immaterial that the tract in question had been cultivated as a part of the plantation, or was known as a part of the plantation. Mortgage is a species of alienation, and the mortgagee, like a purchaser, cannot claim, as subject to his mortgage, a tract of land not falling within the fixed boundaries of a plantation as defined in the act of mortgage. Such boundaries necessarily control acreage, and determine the extent of the premises mortgaged.
To hold otherwise, we must ignore the plain intent of the parties to the act of mortgage and to the various acts of sale of the Buena Vista plantation.
The judgment of the court below, on the trial of the case after remanded, rejected and dismissed plaintiffs' demand, and recognized and decreed the tract in dispute to belong to Mrs. Nellie Rader for one undivided half, and her minor children for the other undivided *Page 46 
half, together with all the buildings and improvements thereon situated.
We said, in Romero v. Rader, 146 La. 971 and 972, 84 So. 224, that:
 "If the description of Buena Vista plantation did include the 100-acre tract, the succession of Mrs. Olivia Romero has no interest whatever in the property."
"If she was dead at that time, the deed signed by nine of her sons and daughters, together with the renunciation made by the other son and daughter in this suit, conveyed every interest in the 100 acres of land to J.D. Romero and his succession."
 "If the succession of Mrs. Olivia Romero should be adjudged the owner of an undivided interest in the land, that interest may hereafter be sold in the probate proceedings of the succession of Mrs. Olivia Romero, provided a sale be necessary to pay debts of the succession."
As the 100-acre tract was not included in the mortgage and sales of the Buena Vista plantation, and as Mrs. Olivia Romero did not die until nine years after the sale by her heirs to J.D. Romero of the tract in question, her succession is clearly the owner of an undivided one-half interest in this property, and the defendant, the succession of J.D. Romero, deceased, is the owner of the other half.
It is therefore ordered that the judgment appealed from be annulled and reversed. It is now ordered that there be judgment in favor of plaintiff Octave P. Romero, as administrator, recognizing the succession of Mrs. Olivia Romero as the owner of the undivided half of the tract in dispute in this case.
It is further ordered that there be judgment in favor of defendant Mrs. Nellie Rader, as administratrix, recognizing the succession of J.D. Romero as the owner of the remaining undivided half interest in said property; the succession of J.D. Romero to pay all costs.
O'NIELL, C.J., concurs in the finding that the tract of land in dispute was detached from Buena Vista plantation and was not *Page 47 
included in the description in the act of mortgage to Levert, Burguieres Co.; but he is of the opinion that the defendants, widow and heirs of J.D. Romero, have acquired the interests of several of the heirs of Mrs. Olivia Migues Romero, particularly of Mrs. Mathilde Romero Derouen, of Oscar D., Honore, and Adolph B., and possibly of the plaintiff herein, by their judicial declarations and renunciations made in this suit, after the death of their mother.