DORÉ, Judge.
This is a suit to try .title to real estate under LSA-R.S. 13:5062, Act 38 of 1908, neither party being in possession of the real estate in dispute. The controversy involves three small lots, numbered 2887, 2888 and 2889, each including 400 square feet, claimed by defendant out of the NEj4 of SE^ of Section 26, Township 10 South, Range 10 West, La. Meridan, the entirety of which is claimed by plaintiff.
There was judgment in the district court for plaintiff, decreeing him to be .the true and lawful owner of the entirety of the Northeast Quarter of the Southeast Quarter of Section 26, Township 10 South, Range 10 West, La. Mer., and denying and rejecting defendant’s claims to Lots 2887, 2888 and 2889 of said quarter of quarter section, and decreeing the acquisition of defendant of the said lots to be null, void and of no force and effect. Defendant has appealed.
Both parties claim from a common author ill title, .the South Sulphur Mineral & Oil Company, Inc., the acquisition of the entire forty acres or quarter of the quarter section being dated August 22, 1911. On April 14, 1913, the corporation sold to John J. Clark, who on January 9, 1915, sold to Mabel Dobber.tine Clark, who, on November 23, 1951 sold to the defendant the following described property:
“Three certain lots or plots of ground, containing four hundred (400) square feet each, designated by the numbers 2887-2888-2889 on a map or plan of said property deposited in the office of vendor herein, said lots or plots being situated in the Northeast quarter of the Southeast quarter of Section 26 in Township 10 South, Range 10 West, in the Parish of Cal-casieu, State of Louisiana.”
On November 1, 1951, the Receiver of the said corporation sold to the plaintiff the “East Half of .the Southeast Quarter (E% of SEj4) of Section 26, Township 10 South, Range 10 West, La. Meridian”, which necessarily includes the NEj4 of SE of said section.
The plaintiff contends that the deeds by which defendant claims title to lots 2887-2888-2889 are null, void and of no effect for the following reasons:
“a) The map or plan with reference to which it is said the three lots were designated as Nos. 2887, 2888 and 2889 was never recorded in the public records of Calcasieu Parish; does not exist and never did exist as a public record of Calcasieu Parish, Louisiana, and whether the same exists or ever did exist as a private record, the same was unknown to the petitioner and cannot affect him as a purchaser in good faith in reliance upon the public records.
“b) Said map or plan does not even purport to have been recorded, it being merely recited in the deeds referred to in paragraph 3 hereof that the same is on file in the office of South Sulphur Mineral & Oil Company, Inc., which is a defunct Louisiana corporation domiciled in New Orleans, Louisiana, and which has not functioned since the year 1917, and that diligent search for the map or plan has failed to reveal the same, for which reasons petitioner alleges that said map or plan does not exist.
“c) Without the aid of said map or plan, as an official public record, it is impossible to locate on the ground, or identify, Lots numbered 2887, 2888 and 2889 of NE/4 of SE/4, Section 26-10-10, and that the conveyances set out in paragraph 3 hereof pursuant to which defendant claims ownership, were null, •void and of no effect from the dates of their execution for failure to define or *755 describe any specific lot or lots of land, in themselves, or by the aid of other public records, or by the aid of any available unrecorded private records or means.”
In his written reasons for judgment, the trial judge agreed with the contention of plaintiff, stating:
“The evidence discloses that the purported plat to Lots 2887, 2888 and 2889 has never been filed or recorded in the office of the Clerk of Court or any other place. The only two abstractors in this parish certified this important fact to be true. Levingston Title Company, Inc. certified .that no plat had ever been filed or recorded in the office of the Clerk of Court nor any other place. Mr. Claudius Mayo, the other abstract- or testified substantially the same and went into detail in his testimony.
“The general rule of laiw in this state as to the sufficiency of a description in a deed so as to properly convey title to property is set out in Daigle v. Calcasieu National Bank, 200 La. 1006, 9 So.2d 394, and is to the effect that a description in a deed must be such that the property intended to be conveyed can be located and identified and the description must appear within the four corners of the instrument itself or refer to some map, plat, or deed as a part of the description, so that the same may be clear.
“The Supreme Court of this state has applied the above rule to tax titles in numerous decisions.
“The court concludes that the deed to defendant of Lots 2887, 2888 and 2889 without a plat to identify said lots did not convey to defendant any portion of the land in question * *
In this court, defendant complains of the ruling of the trial judge in declaring his deed, and those of his authors in title, to be null and void, contending that the deed or deeds were valid in that in each deed reference is made to a map or plat yet he admits that in this case the lots cannot be identified 'by the description in the deed alone.
In determining the sufficiency of a description to transfer property in this state, the Supreme Court, ever since 1872, in the case of Consolidated Association of Planters of Louisiana v. Mason, 24 La.Ann. 518, has recognized the impossibility of adopting a standard for distinguishing a description which would be sufficient from one which would not be sufficient, in an act of sale of real estate, to put third parties on notice and that each case must depend on its own circumstances. In our case, the deed refers to a map or plat. It must be remembered that the record abundantly shows that no such map or plat was filed and recorded in the conveyance records of the Parish of Calcasieu, .the only place to find such a map or plat to put third parties on notice. Furthermore, the record also reveals that the map or plat referred to could not be found in the records of the vendor nor in any other office or offices such as the notorial office of any Notary in New Orleans. Suffice it to say, that without the aid of the map or plat, the description contained in defendant’s deed, in fact also in his authors in title, is too vague and indefinite to locate and convey title to any land whatsoever, and we are fully in accord with the trial judge’s conclusion.
It may be said as this time that defendant contends that plaintiff had failed to discharge his burden of proof that lots 2887-2888-2889 could not .be identified by extrinsic and competent evidence. As to defendant’s contention that there rested on the plaintiff the burden of proving that he had a superior title to that of defendant, it is our opinion that the plaintiff has fully and satisfactorily met such burden of proof. We are of the opinion that it was up to defendant to establish by extrinsic and competent evidence that he had purchased a definite and fixed portion of the quarter of the quarter section involved.
In the alternative, defendant, in his answer, in brief and oral argument, contends .that if his deed wherein he purchased the said lots is not sufficient to convey title to him of the lots, then that he is entitled to an undivided interest in .the entire tract to the proportion equal to 1200 square feet. *756 His contention is fully answered by the trial'. judge in his written reasons for judgment, and we approvingly quote:
“It was shown by the evidence that right-of-ways had 'been granted in and through the Northeast Quarter of Southeast Quarter (NE^ of SEj4) of Section Twenty-Six (26), Township Ten (10) South, Range Ten (10) West, Louisiana Meridian, so it is impossible to determine where the lots in question are located. The Court believes that the alternative and main demand are one and the same for the reason that while the three lots or plots sold to defendant are designated as containing four hundred (400) square feet each, said lots or plots are designated as lots 2887, 2888 and 2889 and since the Court is unable to locate said lots it follows that the defendant could not own an undivided twelve hundred (1200) square feet in ,the land claimed by plaintiff herein.”
For these reasons, the judgment appealed from is affirmed.