156 So.2d 122 (1963)
MID-STATE HOMES, INC., Plaintiff and Appellant,
v.
Huey P. KNAPP et al., Defendants and Appellees.
No. 921.
Court of Appeal of Louisiana, Third Circuit.
September 11, 1963.
*123 Walton J. Barnes, Baton Rouge, for plaintiff-appellant.
Richard P. Boyd, Jr., Harrisonburg, for defendants-appellees.
Before FRUGE, TATE and HOOD, JJ.
HOOD, Judge.
Mid-State Homes, Inc., instituted this suit against Mr. and Mrs. Huey P. Knapp and Jim Walter Corporation for judgment ordering said defendants to reform an act of mortgage and a sheriff's deed by changing and correcting the description of the tract of land purporting to be affected by these documents. In due course, a default judgment was rendered by the trial court ordering the defendants to make the necessary changes on the public records to reform the description in each of said documents as demanded by plaintiff.
Shortly after that judgment was rendered, plaintiff obtained the issuance of a rule directing the defendants and the Sheriff of Catahoula Parish to show cause why the judgment of the court should not be complied with, or in default thereof why defendants should not be held to have acquiesced in the corrections which previously had been ordered. Before the rule came up for trial, an intervention was filed by Pasternacks, a partnership domiciled in Concordia Parish, in which the intervenor alleges that Mr. and Mrs. Huey P. Knapp are indebted to it, that such debt is secured by a real estate mortgage affecting the real property claimed by plaintiff (such property being correctly described in that mortgage), and that the mortgage held by intervenor is superior in rank to the claim of plaintiff. Pasternacks prays that plaintiff's demand for a reformation of the sheriff's deed be denied, and that in the event defendants are ordered to correct the description in the mortgage, the reformed or corrected mortgage be effective only from and after the date on which the correction is made. The original plaintiff, Mid-State Homes, Inc., filed an answer to the intervention and a reconventional demand, demanding that the intervention be dismissed and that judgment be rendered against intervenor condemning it to pay damages for delaying the adjudication of this cause.
After trial of the issues presented by these pleadings, judgment was rendered by the trial court decreeing that the mortgage and sheriff's deed be corrected and reformed as demanded by plaintiff, but that "the intervention be allowed and the mortgage and note held by Pasternacks be recognized upon the property subject to all payments heretofore made thereon." Plaintiff has appealed from that portion of the judgment which recognizes the mortgage and note held by intervenor Pasternacks.
The evidence shows that on June 7, 1960, defendants, Mr. and Mrs. Knapp, executed a mortgage securing an indebtedness to Jim Walter Corporation, which mortgage purports to affect a tract of land in Catahoula Parish, Louisiana, which was erroneously described in the mortgage as follows:
Two acres of land situated in the Northeast corner of S½ of SW¼ of Section 27, T 9 N, R 6 E, described as follows:
Beginning at the NE corner of the Vendor's land (Lot 1 of the Knapp partition) being the NE corner of S½ of SW¼ of SE¼ of Section 27, T 9 N, R 6 E; thence South on East line of SW¼ of SE¼ of Sec. 27, a distance of 70 yards; thence West 140 yards; thence North 70 yards; thence East 140 yards to the point of beginning.
The promissory note executed by Mr. and Mrs. Knapp and the mortgage securing it were subsequently assigned by defendant Jim Walter Corporation to plaintiff. The indebtedness was not paid when due, so plaintiff caused executory process to issue, *124 and the property was seized and sold by the Sheriff of Catahoula Parish to the seizing creditor, Mid-State Homes, Inc. The sheriff's deed is dated March 25, 1961, and the same erroneous description which appears in the act of mortgage is also contained in this sheriff's deed.
Sometime after this sale by executory process, plaintiff discovered that the property had been erroneously described in both the act of mortgage and in the sheriff's deed. This suit to correct the description in both of these documents, therefore, was instituted on December 14, 1961. No answer was filed, and in due course a preliminary default was entered and it was confirmed by judgment rendered on May 21, 1962. This judgment, in effect, orders the defendants to execute and to record in the public records such documents as are necessary to amend and reform the act of mortgage and the sheriff's deed so that the description of property as shown in each of said documents is changed and corrected to read as follows:
Two acres of land situated in the Northeast corner of S½ of SW¼ of SE¼ of Section 27, T 9 N, R 6 E, described as follows:
Beginning at the NE corner of the Vendor's land (Lot 1 of the Knapp partition) being the NE corner of S½ of SW¼ of SE¼ of Section 27, T 9 N, R 6 E; thence South on East line of SW¼ of SE¼ of Sec. 27, a distance of 70 yards; thence West 140 yards; thence North 70 yards; thence East 140 yards to the point of beginning.
The only difference between the erroneous description, which appears in the mortgage to the Jim Walter Corporation and in the sheriff's deed, and the correct description of the property which the parties admittedly intended to be affected by those documents is that in the first part of the erroneous description the two-acre tract is described as being in the S½ of SW¼ of Section 27, whereas it correctly should have been described as being in the "S½ of SW¼ of SE¼ of said Section 27. The remaining portion of the description contained in the mortgage and sheriff's deed is correct, and despite the error in the first part of the description, it clearly and correctly shows that the property affected is located in the "S½ of SW¼ of SE¼" of that section.
On September 21, 1961, which was before this suit was instituted, Mr. and Mrs. Knapp executed a promissory note in favor of intervenor Pasternacks, and to secure that note they also executed another mortgage affecting the same two-acre tract of land, but in this last-mentioned act of mortgage the property was correctly described. The mortgage in favor of Pasternacks was recorded on January 3, 1962, which was after this suit was instituted, but before the default judgment ordering the reformation of the earlier mortgage had been rendered. No notice of lis pendens in connection with this suit had been filed prior to the time the Pasternacks mortgage was recorded.
Intervenor contends that the erroneous description contained in the act of mortgage and in the sheriff's deed which plaintiff now seeks to reform was so defective and misleading that neither of those documents could serve as notice to intervenor (a third party dealing with the land) that those documents were intended to affect the property which was subsequently mortgaged to it. Intervenor argues that in accepting the later mortgage from Mr. and Mrs. Knapp it had the right to rely on the public records, and that since the description in the earlier mortgage and sheriff's deed was defective, the registry of those documents was ineffective as to third parties and it could not prejudice the rights which intervenor later acquired with reference to that property. Intervenor further contends that the sheriff's deed to plaintiff dated March 25, 1961, is an absolute nullity because the description of property contained in that deed is so vague and inadequate that the land which it purports to convey cannot be located.
*125 To support the position which it has taken in this suit, intervenor relies on Articles 3306, 2264 and 3305 of the Revised Civil Code, LSA, and on the cases of Brisbois v. Recorder of Mortgages, 13 Orls. Appeals 229, and Romero v. Rader, 160 La. 40, 106 So. 667. LSA-C.C. Article 3306 provides that a conventional mortgage to be valid must "state precisely the nature and situation of each of the immovables on which the mortgage is granted." The other two cited articles relate to the recordation of mortgages, Article 2264 providing that no notarial act concerning immovable property shall have effect against third persons until it shall have been recorded.
We find neither of the cases relied on by intervenor to be applicable here. In the Brisbois case the court held that even as between the parties thereto no valid conventional mortgage is created where property is described simply as "all the property owned by us in the Parish of Orleans." The description involved in the instant suit is not nearly so vague and indefinite. In Romero v. Rader, supra, the question presented was whether the 100-acre tract there in dispute was included as a part of the "Buena Vista Plantation," which had been mortgaged and sold. The court by resorting to extrinsic evidence, consisting principally of maps, determined that the disputed tract had not been included as a part of the property affected by the prior mortgage and sales. We see no similarity between the issues presented in that case and those presented here.
Since the landmark decision of McDuffie v. Walker, 125 La. 152, 51 So. 100, the jurisprudence of this State has been settled to the effect that a party dealing with immovable property need look only to the public records, and if such records do not show the recordation of any adverse claim sufficient to put such third party on notice, he obtains a good title, notwithstanding that he had personal knowledge of the defects therein. See Hodgeson v. McDaniel, 233 La. 180, 96 So.2d 481.
In connection with acts of sale and mortgage of real property, it is impossible to adopt a standard for distinguishing a description which would be sufficient to put third parties on notice from one which would not be sufficient to do so, and for that reason our courts have consistently held that each case must be determined on its own facts and circumstances. Consolidated Association of the Planters of Louisiana v. Mason, 24 La.Ann. 518; Daigle v. Calcasieu National Bank in Lake Charles, 200 La. 1006, 9 So.2d 394; Rouyer v. Harrison, La.App. 1 Cir., 58 So.2d 753.
Our Supreme Court has held, however, that the description of real property in a mortgage or deed, although such description may be inaccurate or faulty, is sufficient to serve as notice to third parties dealing with that property if the description is adequate to enable the court to locate and identify the property with certainty, and if it is not so inaccurate or faulty as to be actually misleading. Tircuit v. Burton-Swartz Cypress Co., 162 La. 319, 110 So. 489; White v. Ouachita Natural Gas Co., 177 La. 1052, 150 So. 15; Daigle v. Calcasieu National Bank in Lake Charles, supra; Quatre Parish Co. v. Beauregard Parish School Board, 220 La. 592, 57 So.2d 197; Blevins v. Manufacturers Record Publishing Company, 235 La. 708, 105 So.2d 392; Canterberry v. Slade Brothers, 232 La. 1081, 96 So.2d 4; Wells v. Joseph, 234 La. 780, 101 So.2d 667. See also Newman v. McClure, La.App. 3 Cir., 134 So.2d 556 (Cert. denied); Brown v. Johnson, La.App. 2 Cir., 11 So.2d 713 (Cert. denied).
We think the applicable law is clearly stated in White v. Ouachita Natural Gas Co., supra, where the Supreme Court said:
"We think the description was sufficient. `It suffices if the description be "such as to enable the court to determine with certainty, with the aid of such extrinsic evidence as is admissible under the rules of evidence, what property *126 was intended by the parties to be covered thereby. The description need not be given with such particularity as to make a resort to extrinsic evidence unnecessary."' Tircuit v. Burton-Swartz Cypress Co., 162 La. 319, 110 So. 489, 492.
"Therefore, whilst an unrecorded deed can have no effect whatever as to third persons, the same is not true where the deed is recorded but contains only an inaccurate or faulty description of the property but not so inaccurate or faulty as to be actually misleading. Hence when the only description in a mortgage was `one large property or tract at the corner of Orleans and Bourbon Streets' without any other boundaries given, this was held sufficient to put a purchaser on his guard. Roberts v. Bauer, 35 La.Ann. 453, citing City Bank v. Denham, 7 Rob. 39, and Ells v. Sims, 2 La.Ann. 253. See, also, Lee v. Long, 166 La. 1084, 118 So. 320.
"Of course where the description in the recorded deed is so misleading that it actually describes accurately some other property than that mortgaged or sold, a purchaser is not only not put on his guard thereby, but is actually put off his guard, and in such case a resort to outside evidence would have the effect not merely of making the description certain, but of actually changing the record; and this cannot be allowed. Ducre v. Milner, 165 La. 433, 115 So. 646; Sentell v. Randolph, 52 La.Ann. 52, 26 So. 797; Haas v. Fontenot, 132 La. 812, 61 So. 831; Roussel v. Railways Realty Co., 132 La. 379, 61 So. 409, 833; Williams v. Raymond, 163 La. 764, 112 So. 713."
In Quatre Parish Co. v. Beauregard Parish School Board, supra, the court said:
"The determination of whether the registry of a deed containing an erroneous description is sufficient to place third persons on notice of the conveyance, depends principally upon the nature of the mistake. If the description is faulty or vague but not so inaccurate so as to be misleading, it may serve as notice to third persons, depending upon the particular wording of the act. But where, as in this case, the deed actually describes a tract of land different from that intended to be conveyed, its registration cannot be regarded as furnishing notice to third persons who subsequently acquire from the grantor under a correct description of the property. This distinction is well established in our jurisprudence; * * *."
And, in Snelling v. Adair, 196 La. 624, 199 So. 782, the Supreme Court held:
"It is a settled rule of law in this state that if a portion of the description of property in a deed is either erroneous or misleading, it is nevertheless susceptible of conveyance if the property intended to be conveyed by the parties can be ascertained with certainty by the aid of such extrinsic evidence as is admissible under the rules of evidence."
Although there is an error in the first part of the description contained in the mortgage and sheriff's deed which plaintiff seeks to reform in the instant suit, the last portion of the description in each of those instruments correctly sets out the exact location and dimensions of the property, so in spite of the error or inaccuracy each such document clearly shows that the property affected is actually located in "S½ of SW¼ of SE¼," as the parties intended. In our opinion, the description contained in the mortgage and sheriff's deed is adequate to enable anyone examining them to determine with certainty what property was intended by the parties to be affected by those instruments. Also, we think the description contained in the mortgage and sheriff's deed was not so inaccurate or faulty as to be actually misleading or to put *127 a third party dealing with the land off guard.
We conclude, therefore, that the description contained in the mortgage and sheriff's deed which plaintiff seeks to reform, although faulty and inaccurate, was sufficient to put intervenor, a third party, on notice as to the exact property which was intended to be affected by those documents. We also conclude that the description contained in the sheriff's deed, in spite of the inaccuracy hereinabove pointed out, was sufficient to enable anyone examining that document to locate with certainty the property intended to be conveyed by that deed. Since the sheriff's deed was valid, therefore, Mr. and Mrs. Knapp were divested of title by the execution of that deed, and they owned no interest in the property at the time they subsequently executed the mortgage in favor of intervenor Pasternacks purporting to mortgage the same property.
We agree with the trial judge that plaintiff is entitled to judgment correcting and reforming the mortgage and sheriff's deed as demanded by it, but we think that the trial court erred in recognizing the mortgage held by intervenor as being a valid conventional mortgage affecting the property here in dispute. In our opinion, that portion of the judgment which recognizes the mortgage and note held by intervenor Pasternacks as a lien on this property must be reversed.
Since we have concluded that the demands of intervenor must be rejected on the merits, it is not necessary for us to consider the arguments advanced by plaintiff that the intervention should be dismissed on procedural grounds.
No authorities have been cited, and we know of none, to support the demands of plaintiff against intervenor for damages because of the delays occasioned by this intervention. Plaintiff's demand for such damages, therefore, must be rejected.
For the reasons herein set out, the judgment appealed from is reversed insofar as it decrees, "that the intervention be allowed and the mortgage and note held by Pasternacks be recognized upon the property subject to all payments heretofore made thereon." In lieu thereof, it is ordered, adjudged and decreed that the intervention filed by Pasternacks herein be and the same is hereby dismissed, and the demands of said intervenor are hereby rejected.
Except as herein specifically reversed or amended, the judgment appealed from is affirmed.
The intervenor-appellee, Pasternacks, is hereby condemned to pay all costs of this appeal.
Affirmed in part; reversed in part; and rendered.