WESTERN DIST.<br>*September*, 1840.<br><br>MILES<br>*vs.*<br>HIS CREDITORS.

---

## MILES *vs.* HIS CREDITORS.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. LANDRY, THE JUDGE OF THE SEVENTH PRESIDING.

In a contest between the vendor and vendee, where the latter has had the use and enjoyment of the property mortgaged, he cannot demand interest on the price he has paid, in case he gives it up under the mortgage. So, in a contest between two creditors, of the proceeds of mortgaged property in the hands of a syndic, to be allowed their respective claims, the vendee who had paid part of the price, was in possession and had the use, but gave up the property, cannot claim *interest*, which is satisfied by the use and enjoyment of the property.

This case arises on the opposition of Catharine McDonald, wife of the ceding debtor, and separated in property from him, to the proceeding of the syndic, in allowing one John L. Daniel the return of a certain sum of money, which he had advanced on the price of a house and lot, purchased by him of Miles, but to which the latter was unable to make him a title.

WESTERN DIST.    The opponent's suit for a separation of property, was cu-
September, 1840.  mulated with the insolvent proceedings, to determine her

MILES            rights contradictorily with the creditors, and ascertain the
vs.
HIS CREDITORS.   amount due to her.

Miles had purchased a house and lot in Opelousas, from B. Vanhille, for two thousand five hundred dollars, which he sold by private act to Daniel, who bound himself to pay the balance due Vanhille, and to give Miles seventeen hundred and fifty dollars ; *the latter* obligating himself to make a complete unencumbered title to the same, within six months.    Before the expiration of this time, Miles made a cession of his property.    In the mean time, Daniel had occupied the house and lot, and made some improvements, and paid to Vanhille fourteen hundred and thirty dollars, on the original price, and was subrogated to Vanhille's right against Miles, for this amount.

The district judge allowed Daniel six hundred dollars, for his improvement, and placed him as a mortgaged creditor, for this sum, and the sum of fourteen hundred and thirty dollars, which he paid to Vanhille, with 10 *per cent, interest,* on the latter sum.

It was the interest, which was opposed by the wife of the ceding debtor; she having a mortgage on all his property, for the reimbursement of her claim and judgment.    From this part of the judgment she appealed.

*Voorhies,* for the plaintiff and opposing creditor.    The judgment of the inferior court should be reversed, for allowing interest, as regards the issue between the plaintiff and Daniel. He had contracted to pay the amount of the claims due by Miles to Vanhille, which was in the nature of a condition precedent ; and in paying them, he did but pay a part of the price he was to give, which formed part of the consideration of the transfer from Miles.

2.  He was in possession of the property, which formed the consideration of the demand, under a contract of sale, and when he paid these installments, due by Miles to Vanhille, the qualities of debtor and creditor were united in him, and

the demand was extinguished by confusion. *Louisiana Code, arts.* 2437, 2431, 2214.

3. Daniel was immediately put in possession of the property, and in the use and enjoyment of it; and the fruits and revenues were received by him, which should compensate, and be more than equivalent for the interest on the price, or any part thereof. He should, either have been made to pay for the fruits and revenues, or his claim for interest should have been disallowed. *Louisiana Code, art.* 2895. *3 Louisiana Reports,* 393.

4. The position of the parties here, are similar to that of parties to a *venté à reméré,* when the holder of the property enjoys the fruits and revenues, and the vendor enjoys the price, free from interest; the fruits and revenues, being considered equivalent to interest. *Patterson* vs. *Bonner,* 14 *Louisiana Reports,* 235. *Pothier, contrat de venté,* Nos. 416, 417, 418, 419. 4 *Kent's Commentaries,* 72–3.

*T. H. Lewis,* for the appellee, Daniel.

*Simon, J.,* delivered the opinion of the court.

On the 27th of October, 1835, Miles purchased of B. Vanhille, a house and lot in Opelousas, for two thousand five hundred dollars; ten hundred and sixty-two dollars were paid in cash, and the balance was made payable, one-half on the 1st of October, 1836, and the other half, on the 1st of March, 1837, with ten per cent. interest, on each payment from maturity; mortgage reserved in favor of vendor. On the 29th of March, 1836, Miles made a contract with Daniel, whereby he bound himself, within six months from date, to make a good and valid transfer to the latter, of the house and lot in question, free from all liens, &c., except he mortgage of Vanhille; in consideration of which, Daniel obligated himself to pay the balance due to Vanhille by Miles, and to pay the latter the further sum of seventeen hundred and fifty dollars, whenever Miles should make him a valid and unencumbered title to the property. Daniel, a few days afterwards, took possession of the property, and was in posses-

sion of it in April, 1836. In consequence of this last contract, Daniel paid Vanhille the amount of the two instalments, and on the 23d of March, 1837, obtained from the latter, a conventional subrogation to all his rights of mortgage. It is to be remarked, that the six months had expired before the installments became due, and Miles had not, within the time specified, made any transfer of the property to Daniel, in compliance with his contract. In the mean while, Daniel continued in possession of the property for some time, and afterwards rented it to another person. In May, 1836, Miles sued his creditors, a syndic was appointed, and in November following, his wife having sued him for a separation of property, the liquidation of her rights was cumulated with the suit for a surrender, and her said rights were subsequently settled, contradictorily with her husband's creditors, in the judgment appealed from.

It is contended by Daniel that, by virtue of his conventional subrogation, he is entitled to recover interest, at ten per cent., on the sum of fourteen hundred and thirty-eight dollars, by him paid to Vanhille, from the maturity of the installments.

On the other hand, the plaintiff avers, that Daniel having enjoyed the use and revenues of the property, represented in part by the sum due him, has no right *to claim interest;* and as she has to exercise her action of mortgage on said property, she insists on Daniel's obtaining strictly what may be due him out of the price thereof, and no more ; considering that the balance of said price is to go to the satisfaction of her claims.

The court below, as far as regards the issue between these two persons, gave judgment in favor of Daniel, for the amount of the payment made to Vanhille, with ten per cent. interest, from the maturity of the installments, &c., and ordered the property to be sold, to satisfy the mortgage and privileged claims of both parties. From this judgment, *allowing interest,* the plaintiff appealed.

We are not ready to decide, that Daniel is entitled to have the benefit of both the interest on the amount by him paid to Vanhille, and of the use, enjoyment or rent of the property, to the prejudice of the plaintiff. In whatever light we con-

sider the contract between him and Miles, it is immaterial to the determination of this question ; said contract was the only cause or origin of his possession ; and when he obtained the conventional subrogation from Vanhille, he was not ignorant that Miles having made a surrender of his property to his creditors, in which the property in question was included, he could no longer make him a good and valid transfer of it, free from all liens and encumbrances, as Miles had obligated himself to do, within six months; nay, the six months had expired before the installments became due ; and as the contract was perhaps then at an end, it would have been easy for Daniel to withdraw from the property, and to make his contract with Vanhille entirely independent and distinct from his original contract with Miles. If, on the contrary, Daniel intended to maintain his first contract, although he was aware that the property could no longer be transferred to him, free from liens and encumbrances, and particularly from the plaintiff's legal mortgage, or in other words, if he considered himself the vendee of the property, under Miles' promise of sale, there was no necessity for a conventional subrogation, as a legal one would have been sufficient to protect him in not paying to Miles' syndic more than the seventeen hundred and fifty dollars he had agreed to pay. However it is, the parties stand before the court, as Miles' mortgaged creditors, their rights are to be determined as in a *concurso*, and if so, it is a well recognized rule, that in a contest between the creditors of an insolvent, relative to the justice of their claims, they are all plaintiffs and defendants, and each may dispute the claim of the other, not only in relation to the validity and preference of their respective rights between each other, but also upon any legal ground which the debtor himself could have used to defeat their claims. In this case, had the contest existed between Daniel as creditor and Miles as debtor, there is very little doubt, but that the latter could have successfully resisted the demand of interest, on the reconventional plea of use and enjoyment of the property mortgaged ; nay, he might perhaps have obtained a reduction of the principal. Why not so the plaintiff, who is particularly interest-

In a contest between the vendor and vendee, where the latter has had the use and enjoyment of the property mortgaged, he cannot demand interest on the price he has paid, in case of an eviction under the mortgage.

WESTERN DIST.
September, 1840.

MILES
vs.
HIS CREDITORS.

ed in reducing Daniel's claim, and for whose exclusive bene-fit the reconventional plea can only now be used? We think the district judge erred, in allowing Daniel the interest by him claimed, on the amount paid to Vanhille.

So, in a contest between two creditors, of the proceeds of mortgaged property, in the hands of a syndic, to be allowed their respective claims: the vendee, who had paid a part of the price, was in possession, and had the uses, but gave up the property, cannot claim *interest;* which is satisfied by the use and enjoyment of the property.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, so far as it relates to the interest claimed by Daniel, on the sum by him paid to Vanhille, be annulled, avoided and reversed; that said Daniel do recover only (exclusive of his other claims,) the principal, out of the price of the property ordered to be sold, to satisfy his and plaintiff's claims, and, that said judgment, in all its other parts, be affirmed; the appellee paying costs in this court.