Morton v. Reynolds.

ADELAIDE MORTON *v.* MARY L. REYNOLDS.

A judgment rendered in an action commenced against a party in possession, who disclaims title, and cites his lessor to defend the suit, where the latter does not appear, will form *res judicata* only as to the possession ; the question of title will be still open.

The prescription of five years, established by sect. 4 of the act of 10 March, 1834, entitled " an act relative to advertisements," as to " all informalities connected with or growing out of any public sale by a parish judge, sheriff, auctioneer, or other public officer," applies only to such informalities as relate to the manner, time, and place of making the, advertisements required by law for public sales, and not to all illegalities or nullities whatsoever.

APPEAL from the District Court of Iberville, *Deblieux,* J.

*Edwards,* for the plaintiff.

*Labauve,* for the appellant. .

MORPHY, J. In 1837, the plaintiff instituted a petitory action against Gillies Thompson, and recovered from him one undivided fourth of a tract of land of four *arpens,* lying on the river Mississippi, in the parish of Iberville. The defendant in that suit claimed title to the land under a sale from the mother of the plaintiff, to whom it had been adjudicated at the probate sale of the succession of her deceased husband. It appears that Gillies Thompson's title to the land had been divested by a sheriff's sale, and transferred to Mary L. Thompson, long before the institution of the plaintiff's suit against him ; but that he nevertheless appeared and defended the action, as the owner of the property. 14 La. 272.

The plaintiff now brings the present suit against Mary L. Thompson, to obtain a judicial partition of the said land, to which she asserts title for one undivided fourth. The defendant first pleaded the general issue, but afterwards amended her answer by claiming title to the whole land, under a regular chain of titles from the estate of Thomas B. Pipkin, the plaintiff's father ; and, in support of her titles, she pleaded prescription against all defects and nullities which might be found to exist in them. Gillies Thompson intervened, setting up a variety of matters in opposition to the plaintiff's demand. As he failed to show any interest in himself, and claimed no right whatever to the property;

his intervention was properly disregarded by the inferior judge, who rendered a judgment in favor of the plaintiff. The defendant has appealed.

The record shows that on the trial both parties relied on the same evidence which had been adduced in the suit against Gillies Thompson; the defendant relying, in addition, on her plea of prescription against the nullities and informalities which are admitted to exist in the adjudication of the property from Pipkin's estate to his surviving widow. Of these nullities the principal are, that the property was sold, in 1821, much below its appraised value, that it was adjudicated to the tutrix of the plaintiff, and that there was no under-tutor present at the family meeting which advised the sale. The evidence shows that the plaintiff was yet a minor in 1839, when her suit against Gillies Thompson was tried. The defendant relies on the act, approved March 10th, 1834, establishing a prescription of five years against all informalities connected with or growing out of any public sale made by any Parish Judge, sheriff, auctioneer, or other public officer, &c., whether the parties claiming are minors, married women, or interdicted persons. The plaintiff's counsel has urged that the prescription invoked, if applicable, was interrupted by the suit brought against Gillies Thompson, in which it was shown that he was in possession, and that the sale to Pipkin's widow, under which the defendant claims, was annulled by the judgment in that suit. It is clear that the judgment alluded to is, as to this defendant, *res inter alios judicata*, and cannot affect her rights. It might, indeed, have been opposed to her, although not a party to the suit, had it been rendered against Gillies Thompson, while he was the owner of the property subsequently transferred to her, because, in such a case she could not be viewed as a third person. Pothier, Oblig. vol. 2, part 4, chap. iii. sect. 3, article 3. But Gillies Thompson had ceased to own the property long before the inception of the plaintiff's suit against him, and had become the tenant or lessee of the present defendant. Even had he disclaimed title, and cited the true owner to defend the suit, and the latter had not appeared, the judgment rendered would have been *res judicata* only as to the possession, and would have left the question of title untouched. Civil Code, art. 2674. *Kling* v. *Fish*, 4 Mart.

N. S. 391. *Bayoujon's Heirs* v. *Crisswell*, 5 Mart. N. S. 232.
How then can it be contended that the judgment rendered against
Thompson should be binding on the defendant, or interrupt the
prescription, when it is not shown that she ever had any notice
whatever of that suit, Gillies Thompson having taken upon him-
self to defend it, in his own name, as owner of the land ?

The only question then is, whether the prescription relied on
extends to and covers such absolute nullities as those which exist
in the sale to Pipkin's widow, under which the defendant holds.
The provision of law creating this prescription is the fourth sec-
tion of an act entitled, " an act relative to advertisements." Upon
an attentive perusal of the whole law, it is difficult to believe that
the expressions " all informalities connected with or growing out
of any public sale," &c., were ever intended to embrace all kinds
of illegalities or nullities whatever. They must, we think, be
understood as applying to the omission of such formalities as re-
late to the manner, time, and place of making the advertisements
required by law for all public sales. The counsel for the defendant
has contended, that this prescription extends to all the causes of
nullity, and to all the illegalities which are within the provisions
of the monition law, passed and approved on the same day. The
terms of the two laws are widely different, and show that they
were not intended to apply to the same objects. The monition
law expressly mentions *"all defects whatsoever and every infor-
mality* in the order, decree, or judgment of the court under which
the sale was made, or any irregularity or illegality in the appraise-
ments and advertisements, in time and manner of sale." In-
stead of these broad and comprehensive terms, the law relied on
speaks only of *informalities,* and that in connection with pro-
visions of law relating exclusively to the advertisements required
for all public sales. An informalty implies, to be sure, an illegal-
ity, because all formalities are prescribed by law ; but a sale of a
minor's property may be illegal and null, although clothed with
all the formalities required by law. This may happen, as in the
present case, where the property is sold below its appraised value,
or where it is adjudicated to a tutor, or any other person who can-
not legally purchase. Such nullities have nothing to do with
the formalities required by law for the public sale of the property.

They result from the violation of a prohibitory law. Civil Code of 1808, p. 4, art. 12; p. 68, art. 51; p. 70, art. 59.

*Judgment affirmed.*