ALEXANDRINE A. LOUAILLIER *v.* MARIE T. CASTILLE, Administratrix.

A judgment creditor of an estate cannot sustain a petitory action against one who possesses property
alleged to belong to the succession, when there is no administrator to whom delivery of possession
of the property can be made.

The insufficiency or want of advertisement in a Sheriff's sale is an informality within the purview of
the Act of 1834 (reenacted in 1855), and under that Act is prescribed against after the lapse of five
years from the date of the sale.

APPEAL from the District Court of the Parish of St. Landry, *Martel,* J.
*Swayze & Moore,* for plaintiff and appellant. *J. H. & T. Overton* and
*J. F. Morrogh,* for defendant.

LAND, J. This suit is in the nature of a petitory action, by a judgment credi-
tor of *Jacques Lastropes,* deceased, to recover on behalf of his succession, and to

98

subject to the payment of plaintiff's judgment a certain lot of ground, together with the buildings and improvements thereon, situate in the town of Opelousas.

This property was sold, several years before the death of *Lastropes*, by the Sheriff, under an execution against him, and the plaintiff sues to recover it for his succession, on the ground that his title was not divested by the Sheriff's sale, for the reason that the sale was made without advertising the property, and without observing other formalities required by law.

The plaintiff alleges, that the administrator of the succession of *Lastropes* had been discharged from his office, before the institution of this suit.

The defendant excepted to plaintiff's right or capacity to maintain the action, and also pleaded the prescription of five years against informalities in Sheriff's sales, under the Act of the 10th of March, 1834, p. 123.

The exceptions were sustained, and the plaintiff has appealed.

The general rule of law is, that a petitory action can only be maintained by the party in whom the legal title is vested, or by his legal representative. Article 44 of the Code of Practice declares, that the plaintiff in an action of revendication, must make out his title, otherwise the possessor, whoever he be, shall be discharged from the demand.

The plaintiff's petition alleges title not in herself, but in another who is no party to this suit, either directly or indirectly.

But conceding that a judgment creditor of an *insolvent succession* forms an exception to this general rule of law, under the authority of the decision in the case of *Heda* v. *Fontenot*, 2 An. 782, and can compel the delivery of property of the succession, in the hands of a third party, to the administrator, for the purpose of administration and the payment of debts, his right, nevertheless, must be exercised in due course of administration of the estate ; for, after the final discharge of the administrator, or other representative of the insolvent succession, there would be no one in office authorized to receive and administer the property which he might recover by judgment. In this case, for instance, how could a judgment in favor of plaintiff be executed ? To whom would the writ of possession command the Sheriff to make delivery of the property ? Who has authority to receive the property, to administer it, and distribute the proceeds of sale, as the law directs in matters of insolvency ?

The administrator of the succession was a necessary party to the suit, and for this reason alone, the plaintiff's action would fail. But the most fatal objection to plaintiff's demand, is the plea of prescription of five years under the Act of 1834, referred to above.

The plaintiff claims to exercise a right of action which vested in the deceased, *Lastropes*, and which survived to his administrator, that is to say, to set aside the Sheriff's sale of his property, on the ground of the insufficiency of the advertisement ; but this right of action was subject to the prescription of five years, which had been long accomplished before the institution of this suit, and which could not, therefore, have been successfully prosecuted by either of them, as late as the 24th of August, 1858, the day on which the petition in this cause was filed,—the Sheriff's sale having been made on the 11th day of January, 1849.

As the plaintiff is exercising a right of action which vested in the deceased, her demand is subject to all matters of defence which could have been opposed to a suit instituted by *Lastropes* himself, or his administrator, and is, therefore, subject to the plea of prescription of five years, under the Act of 1834.

The only ground of nullity specially alleged in the petition, and which can be

passed upon by us, *under the pleadings*, is, that there was *no advertisement* of the property previous to the sale by the Sheriff. The insufficiency, or want of advertisement, is an informality, within the purview of the Act of 1834, (reënacted in 1855), and is prescribed against after the lapse of five years from the date of the sale. See Phillips' Digest, p. 22, sec. 4.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.

VOORHIES, J., recused himself in this case.