## No. 976.

HERRMANN & VIGNES VS. L. FONTELIEU, ADMINISTRATOR, ET AL.

In an action to annul a sale of property made by an administrator, he must be made a party.

A suit to annul an administrator's sale is not of a probate character. and, if the amount involved is large enough, should be brought in the district court.

In sales of succession property, even to pay debts, the property must bring the *full amount of its appraisement*, or be subsequently sold on credit. But such sales, even when the property is sold below its appraisement, will not be disturbed if it be shown that the property brought its *actual value*.

APPEAL from the Sixteenth Judicial District Court, parish of Vermilion. *Mouton, J.*

*F. R. King*, for plaintiffs and appellants.

*Joseph A. Breaux*, for defendant.

### ON REHEARING.

The opinion of the court was delivered by

MANNING, C. J. Laodice Fontelieu administered upon the succession of his brother Paulin, and obtained from the parish court of Vermilion an order for the sale of the property of the deceased, and on the eighteenth of November, 1875, adjudicated it to Ernestine Fontelieu, the wife of his brother Theodore.

In the following June, the plaintiffs, who are judgment creditors of the deceased, instituted this suit against the administrator and the purchaser, the object of which is to annul this sale. The grounds of nullity are:

First—That no order of sale was in force at the date of the sale.

Second—That the sale was made without a commission therefor from the court.

Third—Want of legal advertisement.

Fourth—The sale was for payment of debts, and the bid was less than two thirds of the appraised value in the inventory, and less than one fourth of the actual value of the property.

Fifth and sixth—The purchaser was cognizant of the irregularities of the proceedings, and entered into a combination with the administrator to sacrifice the property and obtain it for an inconsiderable sum; and,

Seventh—That no price was paid.

The defendants excepted to the action—the purchaser, because of non-domicile in Vermilion parish, she being a resident of Iberia—the administrator for the same cause, and also because the action is not maintainable against him, but only against the heirs, if at all, and the same issue has been made in another suit, and decided adversely to plaintiffs, and upon this is based the plea of *res judicata.* It is also excepted that the probate court alone has jurisdiction of this action. Thereupon the plain-

tiffs dismissed their suit against the administrator, and the trial was upon the issue presented by the purchaser.

This voluntary act of the plaintiffs will prevent us from making a final disposition of the suit. The vendor is a necessary party to an action the object of which is to annul a sale made by him, and we shall remand the case in order that the plaintiffs may put their pleadings in such shape as will justify the judgment they seek, and shall dispose of some of the issues made here, in order to facilitate the trial hereafter to be had.

The exceptions were overruled, and the defendant, Ernestine Fontelieu, answered that the action can not now be maintained, since the administrator is no longer a party to it; that the plaintiffs can not retain the price and at the same time annul the sale, and that the proceeds of sale have been distributed, and the decree of annulment would be virtually the reversal of the decree of the parish court.

There was judgment for defendant, and the plaintiffs appeal.

The previous judgment, pleaded as *res judicata*, was rendered upon an opposition of plaintiffs and others to the provisional account and tableau of distribution of the administrator. Our predecessors remarked upon that suit that it was an attempt to annul a judicial sale by a collateral proceeding to which the vendee is not a party. Succession of Paulin Fontelieu, Opinion Book. So far, therefore, as the question of annulment is concerned, not being before the court, that part of the judgment which relates to that issue may be regarded as *obiter dicta*, and not pleadable as the thing adjudged. One of the requisites needful to sustain that plea, viz., identity of parties, is wanting, and furnishes an additional reason for the rejection of that plea as a bar to the present demand.

The suit was properly brought in the district court of Vermilion. The proceeding is not probate in its nature, and the land is of value requiring the jurisdiction of the district court, and its situation in that parish determines the jurisdiction, though the residence of the defendant is in another.

To remand the case without some observations upon the grounds of annulment would leave the parties in the same incertitude in which they were at the inception of these proceedings, and silence upon the *dicta* in the opinion rendered in the previous case might well be construed into acquiescence in their correctness.

The sale is unquestionably null. The orders of the thirteenth of October were not complied with, and they were certainly within the competency of the court. Notwithstanding a pending proceeding for the dismissal of the administrator for want of sufficient bond, and notwithstanding the special designation of the sheriff as auctioneer to make the sale, the administrator precipitated it with indecent haste, forgetting to make

advertisement himself, though he had assumed to discharge the function of an auctioneer, which the law permits as to the property he is administering, but only when the court has failed to designate an officer to that end. The published notice of sale is signed neither by himself nor by any auctioneer, but by the clerk of the court, and, though its date is the sixteenth of October, 1875, the public is notified that the sale will take place on the eighteenth of the previous month. No doubt this last is a clerical error, but it behooves those who are requiring of others a rigid compliance with the technical formalities of law, to take care that their own proceedings, which they are pleading as *res judicata*, shall not be obnoxious to criticism.

The creditors were not silent while these hurried preliminaries to the sale were being conducted. The present plaintiffs warned the administrator and the purchaser of the consequences of this unseemly haste, but the mock offering and adjudication of the property took place, and the first lot of ground on the inventory, appraised thereon at fifteen hundred dollars, was adjudicated to Ernestine Fontelieu, who is the wife of the administrator's brother, at two hundred dollars. We are not to be understood as intimating that it is improper, much less illegal, for a brother of a decedent to sell through the formalities of the law the property in his fiduciary keeping to another brother or to his wife. Family arrangements for the preservation of property to those who are nearest in blood and sympathy to the deceased are not to be discountenanced, nor to be esteemed even *prima facie* wrongful, but they must be made in subordination to and with strict regard to the rights of creditors. These arrangements are not likely to be successful when the officer of the law, whose function is specially to protect those rights, openly contemns them, and disregards both the form and substance of that law which was made for their conservation.

We are constrained to state our dissent from the proposition enunciated in the opinion of our predecessors, that "it is now well settled that a sale of succession property to pay debts may be validly made for less than two thirds of the appraisement."

The validity of the sale of succession property in no wise depends upon the bid being more or less than *two thirds* of its appraisement. That is the proportion or quantum of the appraisement that must be bid at a sale under execution or executory process. It is a mistake to suppose that all the rules of execution sales apply to those of succession property. The statement of Mr. Hennen, in a modified form, that "the rule of execution sales applies to those of succession property" (Hen. Dig., p. 1492), is an alteration and enlargement of the syllabus of the decision in second Louisiana Reports, to which he refers (Elliott vs. Labarre, 2 La. 327), and is not justified by the words or spirit of the opinion of the court

Herrmann & Vignes vs. Fontelieu.

then rendered. These words are that the authority of the judge of probate is necessary to sell succession property, and the person or officer who made the sale did not have it, and Mr. Justice Porter adds, "it may be properly assimilated to the judgment and execution which are a sheriff's authority."

The rule as to the sum necessary to be bid at a succession sale for payment of debts has been widely misunderstood, and variously applied, but there has not been any authoritative declaration, such as that just mentioned, until it was made at the last term of this court. Each one of the authorities there quoted has been examined, and none of them asserts that doctrine, except that in 10 Rob., Valderes vs. Bird, p. 398, it is stated that when the sale is made to pay debts the property may be sold for less than the appraisement. Before that decision, this court had said that a sound interpretation of the provisions of our legislation relative to the administration of successions will, in many cases, authorize a departure from the rule which requires the property of minors to bring its appraised value at a sale. Towles vs. Weeks, 7 La. 312.

In a later case (succession of Fritz, 12 Annual, 368) the formal enactments of the Code of Practice (articles 990-2) were recited, and these unmistakably prescribe that when the property of a succession is sold to pay debts it must bring its appraised value in the inventory, and, if no bid of that amount be made, the property must be re-advertised, and the second sale must be on a credit of twelve months. At that sale the property can be legally adjudicated at any bid. But that case was clogged with the feature that minors were interested.

The rules providing for the sale of succession property are in many respects different from those that relate to the sale of minors' property, and it is well settled that a sale to pay debts of a succession is not subject to the requirements for the alienation of minors' property when the beneficiary heirs have only a residuary interest to be ascertained by a full and complete administration.

Notwithstanding the unambiguous expressions of the Code of Practice upon this subject, it has in many cases been held that although as a general rule succession property can not be sold, even for payment of debts, for less than the full appraised value at the first offering, yet sales for less than that value will not be disturbed if there be proof that the price at which it was adjudicated is its actual value. And this ruling is now so deeply imbedded in our jurisprudence that it must be adhered to, and will be the guide by which to test one of the objections made to the sale attacked in this case.

It is manifest from what we have here said that we consider the sale of succession property made by the administrator and purchased by the

defendant as null, and that the plaintiffs are entitled to an opportunity to have that nullity declared judicially.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court is avoided and reversed, and the case is remanded for proper parties to be made, and for further proceedings therein, the costs of appeal to be paid by the defendant.