(120 So. 872)

No. 29134.

**FISETTE et al. v. TAYLOR et al.**

Jan. 28, 1929.   Rehearing Denied Feb. 25, 1929.

Dubuisson, Perrault & Burleigh, of Opelousas, for appellants.

Gilbert L. Dupre, of Opelousas, for appellees.

O'NIELL, C. J. This is a suit to annul a sale of the plaintiffs' property, made by their father, as tutor, when they were minors. They inherited the property from their mother, whose maiden name was Amelia de Kerlegand. She died, intestate, in the latter part of 1894 or early part of 1895, and her succession was opened in February, 1895. She left eight minor children, issue of her marriage with Benjamin Schexnailder, and he qualified as their natural tutor. The estate of the deceased, Mrs. Schexnailder, consisted of the farm which is now in dispute, which was then appraised at $1,000, and two cows, appraised at $25, and the half of the community property, appraised at $403, consisting of mules, farming implements, and household effects. Mrs. Schexnailder had inherited the farm from her father. The title was in dispute at the time of her death, in a lawsuit which she had brought against Placide Robin. She had won the suit in the district court, and it was pending on appeal when she died. Her husband, in his capacity of tutor of the minor children, was substituted as plaintiff and appellee, and finally won the suit, but the children were condemned by the judgment of the Court of Appeal to pay the defendant, Robin, $268.48. The farm was appraised later at $1,200.

In August, 1895, Benjamin Schexnailder, as tutor of his minor children, filed a petition, alleging that the estate was deeply in debt, that the creditors were demanding payment of their claims, and that it was necessary to sell the farm in order to pay the debts. He averred that he desired to avail himself of his right to have the community property adjudicated to him at its appraised value; hence he prayed for a family meeting to advise on the subject, and to decide upon the terms and conditions of the proposed sale. The judge ordered the family meeting to be held, and the members reported that they were unanimously of the opinion that it was for the best interest of the minors that the farm should be sold at public auction, for cash, and that the community property should be adjudicated to the tutor at its appraised value. The recommendations of the family meeting were approved by an order of the judge, and, acting under his order, the tutor, after legal advertisement, sold the farm at public auction, to Charles Savoie, for $1,000 cash. The sale was made on the 18th of September, 1895, and on the same day Savoie sold the farm to Benjamin Schexnailder for $1,000, of which $608 was paid in cash and the balance was payable in two annual installments represented by Schexnailder's promissory notes. He resided on the farm and cultivated it until the date of his death, the 18th of February, 1927.

In April, 1904, Benjamin Schexnailder filed in court an account of his tutorship, in which he credited his children with the price of the farm and the appraised value of the personal property which he had received, including half of the community property which had been adjudicated to him, and charged them with the payments which he had made for the account of their mother's estate, such as attorney's fees, court costs, and the judgment in favor of Placide Robin, which had been acquired by Charles Savoie before the farm was sold. The account showed a balance of $61.30 due to each of the eight heirs, and it was approved by four of them, who had arrived at the age of majority, and who acknowledged receipt of the amount due to each of them. The account was approved also by the under tutor, who was the maternal grandfather of the four minor heirs. It is in the

record and has the appearance of being a true and correct account. Notice of the filing of it was published, under orders of the court, as required by law, and, after proof of the correctness of each and every item on the account, it was approved by a judgment of the court.

Among the four children who were yet minors when the account of the tutorship was rendered was Stephen Schexnailder, who, after marrying, died, leaving a minor child, named Yves Schexnailder, who is represented by his mother and natural tutrix as one of the eight plaintiffs in this suit. The seven other plaintiffs are the sons and daughters of the deceased, Benjamin Schexnailder and Amelia de Kerlegand.

On the 26th of September, 1898, Benjamin Schexnailder married Virginia Arnaud. There are twelve children of that marriage, six majors and six minors. The minors are represented by their mother, as natural tutrix, in this suit. She and her twelve children are the defendants.

The plaintiffs aver that the sale of their farm by their father, as tutor, to Charles Savoie, and the sale by him to their father, was a sale of the minors' property to their tutor, through a person interposed, and was null for the following reasons, viz.: (1) That it was not stated in the petition for the family meeting or in the procès verbal of the deliberations that the sale was of absolute necessity or of evident advantage to the minors, as required by article 339 of the Civil Code; (2) that the report of the family meeting did not set forth "the reasons for its determination," as required by article 340 of the Code; (3) that the property was sold for less than its appraised value, in violation of article 342 of the Code; (4) and that the sale was made in violation of two prohibitory laws, namely, section 157 of the Revised Statutes, which forbids an auctioneer to purchase, "either directly or indirectly, any property at a sale made by him," and article 337 of the Civil Code, which forbids the tutor to buy the property of the minor, either directly or through the interposition of a third person.

The defendants denied that the sale made by Benjamin Schexnailder as tutor, to Charles Savoie, and the sale made by him to Benjamin Schexnailder, individually, constituted a sale by the tutor to himself through a third person interposed, and they averred that, even if it should be assumed that the two sales constituted a sale by the tutor to himself through a third person interposed, the tutor, being the surviving partner in community, was permitted, by the provisions of the second paragraph of article 1146 of the Civil Code, to buy the property of the minors. With regard to the complaint that the property was sold for less than its appraised value, the defendants pleaded that, inasmuch as the sale was for the purpose of paying the debts of the succession, the sale for a price less than the appraised value was valid. With regard to the two other complaints, the defendants pleaded that Savoie was protected by the judge's order for the sale, being the order of a court having jurisdiction of the subject-matter, and was not obliged to inquire into the regularity of the proceedings on which the order was based. As to these complaints, as well as the complaint that the property was sold for less that its appraised value, the defendants pleaded that they were only informalities and were therefore cured by the prescription of 5 years, according to article 3543 of the Civil Code. The defendants pleaded also, as to all of the complaints, that the heirs who approved the account rendered by their tutor in April, 1904, and who accepted the amount due to each of them, thereby ratified the sale which the tutor had made of their property, and were estopped to contest it, and that the judgment of the district court which approved the tutor's account was not attacked directly and was not subject to at-

tack collaterally in this suit, and, finally, the defendants pleaded that the suit was barred by the prescription of 10 years, under article 2221 of the Civil Code and article 3478, as amended by Act 161 of 1920, p. 251. The district court gave judgment for the defendants, rejecting the plaintiff's demand, and dismissing their suit. They have appealed from the decision.

■■ The complaint (No. 1) that it was not stated in the petition for the family meeting, or in the procès verbal, that the proposed sale was of absolute necessity or of evident advantage to the minors, and (No. 2) that the report of the family meeting did not set forth "the reasons for its determination," and (No. 3) that the sale was made for a price less than the appraised value of the property, are barred by the prescription of 5 years, according to article 3543 of the Civil Code, which bars such actions for informalities in a public sale made by a person authorized to sell at public auction. The suit was filed 31 years and 8 months after the sale was made and recorded. The eldest of the plaintiffs was 26 years past 21 years of age, and the youngest of them, excepting the grandchild, Yves Schexnailder, was 12 years past 21, when they filed this suit. The record does not show how old Stephen Schexnailder, the father of Yves, was when he died; but that is a matter of no importance, because article 3543 of the Civil Code, in terms, applies to minors, as well as majors. The most serious of the three complaints mentioned is that the sale was made for a price less than the appraised value of the property, and it is well settled that even that complaint is barred by the prescription of 5 years, under article 3543 of the Civil Code, in those cases where the complaint would be good if made within 5 years; but the complaint is never well founded when the sale (for two-thirds of the appraised value of the property) was made on the application of an administrator for the purpose of paying the debts of the succession, even though there were minor heirs. Fraser v. Zylicz, 29 La. Ann. 534; Succession of Hood, 33 La. Ann. 466; Holt v. Board of Liquidators, 33 La. Ann. 676; Munholland v. Scott, 33 La. Ann. 1043; Walling's Heirs v. Morefield, 33 La. Ann. 1174; Killelea v. Barrett, 37 La. Ann. 870, on application for rehearing; Webb v. Keller, 39 La. Ann. 67, 68, 1 So. 423.

■■ Aside from the plea of prescription of 5 years, it is well settled that a purchaser of property belonging to a succession of a deceased person, at a public sale made under an order of a court having jurisdiction of the subject-matter, is protected by the order of court, and is not required to inquire into the regularity of the proceedings on which the order was founded. That proposition, however, is a matter of no importance in this case, because it depends upon whether Charles Savoie bought the property in good faith and not merely for the purpose of transferring it to Benjamin Schexnailder; and, if Savoie did buy the property in good faith, for himself, and not as the alter ego of Benjamin Schexnailder, the sale was valid, and the judgment affirming its validity is correct. No evidence whatever was offered to sustain the plaintiff's allegation that Benjamin Schexnailder individually bought the property from himself as tutor, through the interposition of Charles Savoie, except the mere circumstance that Savoie sold the property to Schexnailder on the same day on which Savoie bought it and for the same price for which he had bought it. Those facts alone would create a strong presumption, which would impose upon the tutor the burden of proof that he acted in good faith, if the plaintiffs' complaint had been made promptly, and during the lifetime of the tutor. But the complaint was not made until 31 years and 8 months after the transaction had been made and recorded, and not until Savoie and Schexnailder were both dead. The plaintiffs lived in the

same neighborhood with their father, and knew that he possessed as owner the property which they had inherited from their mother, and the records disclosed that he had bought the property from Charles Savoie on the same day on which Savoie had bought it from him, as tutor, and for the same price for which Savoie had bought it. The silence and acquiescence on the part of these heirs for so many years, and until Savoie and Schexnailder were both dead, has destroyed the presumption, which might otherwise prevail, that the sale made by the tutor, Schexnailder, to Savoie, and the sale by Savoie to Schexnailder, were not in reality two distinct and independent transactions. It is not altogether improbable that Savoie bought the property for himself and without any obligation or intention of selling it to Schexnailder; for the record discloses that Savoie had already acquired the Robin judgment, amounting, when paid, to $275, and he was therefore, to that extent, interested in the property before it was ordered sold.

It is not necessary to decide whether the sale would have been subject to ratification, or to the laws of prescription, if it were proven that it was made in violation of section 157 of the Revised Statutes and article 337 of the Civil Code. It is also unnecessary to decide whether, under the exceptional provisions of article 1146, the tutor, being the surviving member of the community, had the right to buy the property belonging to the separate estate of his wife. In Fontenot v. Fontenot, 157 La. 511, 102 So. 590, it was held that a surviving wife administering the estate of her deceased husband might buy property forming part of an estate which the deceased had held in community with his children of a previous marriage. It seems, therefore, that the right of the surviving member of the community, under article 1146 of the Code, to buy property under his administration as executor, administrator, curator, or tutor, is not restricted to the community property. We have dealt with the case as if the tutor had no right to buy the property from his wards, through a person interposed, because the plaintiffs have not proven that the tutor did buy the property from his wards, through a person interposed. The counsel for appellants have made a very interesting argument in their brief, to the effect that it is only when a tutor qualifies and administers as an administrator, and not when he acts only as tutor and under his oath as such, that he may, if he is the surviving member of the community, buy the property of his ward. But we find it unnecessary to decide whether the exceptional provisions of article 1146 of the Civil Code—either originally or as amended by the Act 197 of 1912—applies to a tutor acting as such, or only to one who has qualified also as an administrator and is administering in that capacity. It is also unnecessary to decide whether this suit was barred by the prescription of 10 years. We rest our affirmance of the judgment appealed from on what we consider the most substantial one of the several defenses urged; that is to say, that there is no presumption at this late day that the sale made by Benjamin Schexnailder, tutor, to Charles Savoie, and the sale made by him to Schexnailder individually, were not in reality two distinct and independent transactions.

The judgment is affirmed.