the use of the structure may be temporarily impaired.

So far as the four cases cited by the seizing creditor, and hereinabove mentioned and discussed, particularly the case of Morgan's Louisiana & Texas R. R. & S. S. Co. v. Himalaya Planting & Mfg. Co., are inconsistent with the jurisprudence established by the cases relied on by relator, they must be considered overruled.

For the reasons assigned, the judgment of the Court of Appeal is annulled, and the judgment of the district court is reinstated and made the final judgment of this court.

144 So. 722

**ARCENEAUX et al. v. CORMIER et al.**

No. 30864.

Feb. 1, 1932.

On Rehearing May 23, 1932.

On Second Rehearing Nov. 28, 1932.

A. H. Garland, of Opelousas (Lewis & Lewis, of Opelousas, of counsel), for appellants.

J. S. Atkinson and F. E. Greer, both of Shreveport, Edward R. Hudson, of Fort Worth, Tex., E. B. Dubuisson, E. G. Burleigh, and L. L. Perrault, all of Opelousas, and J. T. Laycock, of Baton Rouge, for appellees.

LAND, J.

Juste C. Arceneaux purchased, during the regime of the community existing between him and his wife, Eudia Bernard, two tracts of land in the parish of St. Landry, consisting of fifty-seven and one hundred arpents, respectively.

Both of these tracts were acquired by Arceneaux from Romain Dupre December 14, 1908. At his death, October 27, 1911, Arceneaux left ten children, all issues of his marriage to Eudia Bernard, who is still living.

Louis Mouret, brother-in-law of deceased, was appointed administrator of his estate February 9, 1914, and on February 12, 1914, obtained an order from the court directing the sale for cash at auction of all the movable and immovable property of the estate, at the last residence of deceased to pay debts, and a formal commission to make the sale was issued to Mouret as administrator, or to any auctioneer.

The sale was made, after advertisement, March 21, 1914, by H. E. Estorge, auctioneer, at the last residence of the deceased near Port Barre in the parish of St. Landry.

The fifty-seven arpent tract, appraised at $1,710, was adjudicated to Albert C. Mouret for $600, and the one hundred arpent tract, appraised at $3,000, was adjudicated to A. J. and J. C. Cormier, defendants, for $800.

In April, 1914, Albert C. Mouret sold the fifty-seven arpent tract to Nicholas Glynn for $800 on terms of credit. In July, 1915, Glynn conveyed this property to Louis Saucier for $622.50. A few days later, Saucier transferred it for the same consid-

eration to **A. J. and J. C.** Cormier, defendants herein.

On July 1, 1929, more than fifteen years after the succession sale, nine of the ten children of Juste C. Arceneaux, deceased, brought this suit against A. J. and J. C. Cormier, the Gulf Refining Company of Louisiana, the owner of an oil and gas lease affecting these tracts, and others claiming mineral rights thereon, to annul the succession sale for various alleged defects, and to require defendants to surrender the property to the estate of Juste C. Arceneaux, to be administered according to law.

Neither Dominique Arceneaux, emancipated minor child of deceased, nor the widow and survivor in community, was made a party to the suit.

Against the defects of the succession sale alleged by plaintiffs, defendants have pleaded the prescription of five years, under article 3543 of the Civil Code.

Defendants have pleaded also the prescription of ten years acquirendi causa, and estoppel based upon the allegation that plaintiffs rented the property from the adjudicatees for several years after the succession sale, and acknowledged their ownership.

Defendants' pleas of prescription were sustained in the lower court and plaintiffs' suit was dismissed. From this judgment plaintiffs have appealed.

1. As grounds for their action to annul the succession sale, plaintiffs allege that the administrator was never properly qualified and that all of his acts as such are void.

Plaintiffs complain that the administrator took the oath before the order of appoint-

ment was made; that his bond was executed five days before the order authorizing his appointment; and that the inventory was taken and returned after the order of appointment was made and letters of administration were issued.

■ It is well settled that the judgment appointing the administrator fixes his right to the office, at least quoad parties dealing with him in that capacity. And even if the appointment were illegal, the acts done under it are valid. Rizzotto v. Grima, 164 La. 2, 113 So. 658; Webb v. Keller, 39 La. Ann. 55, 1 So. 423; Vinet, Ex'r, v. Bres & Richardson, 48 La. Ann. 1254, 20 So. 693; Succession of Robertson, 49 La. Ann. 80, 21 So. 197.

The administrator in this case was appointed by a court, whose jurisdiction is conceded.

■ 2. Plaintiffs also complain that the debts of the succession were insignificant and not sufficient to justify the sale of all the property, as directed by the order of February 12, 1914.

It is no longer an open question that the purchaser at a succession sale is protected, in the absence of fraud, by the decree of a court vested with jurisdiction, directing the sale to pay debts of the succession, and his title is not open to subsequent attacks by minor heirs, alleging that the succession owed no debts and that an administration was unnecessary. Rizzotto v. Grima, 164 La. 2, 113 So. 658, Thibodaux v. Barrow, 129 La. 395, 56 So. 339, in which the authorities are exhaustively reviewed.

No fraud is charged in the present suit, and the jurisdiction of the court is admitted.

3. Plaintiffs further complain that the succession sale was made after less than thirty days' advertisement and in a remote section of the parish.

The record does not sustain the charge that the succession sale was not advertised for the full thirty days. The procès verbal recites that the notice of sale was published in the St. Landry Clarion, a weekly newspaper, for the time required by law. There was full publication, as the first publication was made on February 14th, and the sale occurred on March 21st.

Nor is the charge that the sale was made in a remote part of the parish sustained by the record. The sale took place where the court ordered it to take place and where it was advertised to take place, i. e., at the last residence of the deceased. Tr., vol. 1, pp. 60, 62.

Besides, "If the sale was not made at the proper place, this is a mere irregularity, curable by the prescription of five years, which defendant has pleaded." Cole v. Richmond, 156 La. 270, 271, 100 So. 419, 422; Civ. Code, art. 3543; Landry et al. v. Laplos, 113 La. 701, 37 So. 606, 607; Louaillier v. Castille, 14 La. Ann. 777; Allan v. Couret, 24 La. Ann. 24; Munholland v. Scott, 33 La. Ann. 1043; Oriol v. Moss, 38 La. Ann. 770; Pike v. Evans, 94 U. S. 6, 24 L. Ed. 40.

4. Plaintiffs finally complain that the adjudications of the fifty-seven arpent tract to Albert C. Mouret for $600, and of the one hundred arpent tract to A. J. and J. C. Cormier for $800, were made for less than two-thirds of the appraised value of the property at the first offering, and that these adjudications are null and void and of no effect against plaintiffs, because made in contravention of articles 990–992 of the Code of Practice.

In Thibodeaux v. Thibodeaux, 112 La. 914, 36 So. 800, 802, it is said: "But the law requires that the property of a succession shall be inventoried and appraised (Civ. Code, arts. 1101, 1106), and it has been held by this court that it cannot legally be sold at the first offering, for cash, for less than two-thirds of the appraisement. Succession of Hood and Wife, 33 La. Ann. 472. If, however, it be sold for less, but neither fraud nor injury are shown, and it does not appear that the price obtained was less than could reasonably have been expected at a forced sale, the failure to obtain the required amount may be regarded as an informality." And it may be added that the prescription of five years, under article 3543 of the Civil Code, against "all informalities connected with or growing out of any public sale, made by any person authorized to sell at public auction," will apply.

"Upon the other hand, if it be sold, not only for less than the required amount, but for less than its value at the time and under the circumstances, the failure to obtain the required amount is not an informality, but a matter of substance." And it may be added that, in such cases, the prescription of five years under article 3543 will not apply.

The ruling in the Thibodeaux Case was approved by this court in Lacroix v. Crane, 133 La. 233, 62 So. 657, and in Huckaby v. Huckaby et al., 134 La. 107, 63 So. 755.

As far back as Fraser v. Zylicz, 29 La. Ann. 537, it was held, upon the doctrine of stare decisis, "that succession property sold to pay debts may, on first offering, be sold for less

than its appraisement, provided that the price brought be in fact its full value, though less than its appraisement."

The trial judge, after reviewing the evidence in the case, found that, although the property sold for less than two-thirds of the appraisement, it did sell for its full value at the time. This was a mere informality, under the rule laid down in the cases above cited. We concur in the findings made by the trial judge as to the value of the property when sold, and sustain the plea of prescription of five years, under article 3543 of the Civil Code, tendered against this informality by defendants.

Neither fraud nor injury is shown in connection with the sales of these two tracts of land at public auction.

▉ The sale of the fifty-seven arpent tract from Saucier to defendants is of date July 30, 1915, is an absolute sale for the consideration of $622.50 cash, and is evidenced by a warranty deed executed before a notary and two witnesses. Saucier bought from Glynn, the adjudicatee.

The one hundred arpent tract was also adjudicated to the defendants the Cormiers at the succession sale.

In Fisette v. Taylor, 167 La. 1110, 120 So. 872, 874, it is said: "Aside from the plea of prescription of 5 years, it is well settled that a purchaser of property belonging to a succession of a deceased person, at a public sale made under an order of a court having jurisdiction of the subject-matter, is protected by the order of court, and is not required to inquire into the regularity of the proceedings on which the order was founded."

The defendants the Cormiers, as adjudicatees of the one hundred arpent tract, and their author in title, Glynn, as adjudicatee of the fifty-seven arpent tract, at the succession sale, are protected against all informalities which existed prior to the order for sale, since this order was issued by a court of competent jurisdiction.

Defendants the Cormiers are also protected against the informality arising from the sale of the property for less than two-thirds of its appraised value, since the property sold brought its full value at the time, and the prescription of five years, under article 3543 of the Civil Code, is applicable and must be sustained.

We do not find it necessary to pass upon the plea of prescription of ten years acquirendi causa, nor upon the plea of estoppel tendered by defendants.

Judgment affirmed.

O'NIELL, C. J., dissents from the ruling that in a sale of minors' property, the price being less than two-thirds of the appraisement is only an informality.

### On Rehearing.

BRUNOT, J.

This case is accurately stated in our original opinion, wherein we held that, in the absence of fraud or injury, where property of a succession is sold to pay debts and is adjudicated for less than two-thirds of its appraised value, but for all it could reasonably be expected to bring at the time of the sale, the adjudication for less than two-thirds of the appraised value of the property was an informality that was curable by the prescription of five years.

The opinion is based upon Thibodeaux v. Thibodeaux, 112 La. 906, 36 So. 800; Lacroix v. Crane, 133 La. 233, 62 So. 657; Huckaby v. Huckaby et al., 134 La. 107, 63 So. 755, 756, which cases are in conflict with the doctrine announced in Succession of Hood, 33 La. Ann. 472, wherein the court said:

"We take the rule to be, that the property left by deceased persons, when ordered to be sold to pay debts, * * * can be legally sold for less than the appraisement thereof, but not for less than two-thirds thereof at the first offering."

In the Huckaby Case the court refers to the opinion in the Thibodeaux Case and says:

"According to the reasoning in that case, the question of 'informality' vel non depends on the value of the property at the time and under the circumstances of the sale. If property be sold for less than two thirds of the appraisement, and less than its value at the time, the defect is one of substance. In such a case there is not only illegality but substantial injury. We adhere to this ruling as correct in principle, and as necessary for the protection of creditors, heirs, and all other persons interested in the administration of estates according to law."

▇▇ It is an indisputable rule that the law allows that which it does not forbid; hence informalities and relative nullities committed in the conduct of sales of succession property to pay debts are cured by the prescription of five years, but the law which forbids the adjudication of succession property to pay debts, at its first offering, for less than two-thirds of its appraised value, has been interpreted in the Thibodeaux, Lacroix, and Huckaby Cases to exclude from its prohib-

itory provision such sales, where the property was adjudicated for all that it could have reasonably been expected to bring at the time of the sale. The burden of proving that fact is necessarily upon the party claiming under the adjudication, and this fact must be established by competent testimony.

▇▇ It is the settled jurisprudence that the appraisement is the best evidence of the value of the property at the time of the sale. In this case one of the properties sold for less than one-third of its appraisement and the other for less than one-fourth thereof, and more than fifteen years thereafter it is sought to establish, by oral testimony and by sales of properties of the vicinity, at dates too remote from the sale of the properties involved in this suit to be of any material assistance in determining whether or not the properties were adjudicated for all they could reasonably have been expected to bring at the time of the sale.

This state of the proof and the fact that both properties were adjudicated for less than one-third of their appraised value has led us to the conclusion that the defect complained of is not an informality or relative nullity, but one of substance. Each adjudication, however, is a title, on its face, translative of property coupled with possession for more than ten years, and is, therefore, governed by the prescription of ten years acquirendi causa.

The record discloses that Dominique Arceneaux, one of the ten forced heirs of his deceased father, was an emancipated minor when this suit was filed, but he was not joined in the suit either as a plaintiff or otherwise. It appears that he attained his majority on

April 26, 1932, and, under the law, he has one year thereafter within which to assert any interest he may have.

For the reasons stated, the original judgment is amended by avoiding the decree based upon the prescription of five years, and by now decreeing that the prescription of ten years acquirendi causa be maintained, and, as thus amended, that said judgment be reinstated and made the final judgment of the court, with right reserved to plaintiffs to apply for a second rehearing.

OVERTON, LAND, and ROGERS, JJ., are of the opinion that both pleas of prescription are good.

ODOM, J., concurs in the dissenting opinion of the CHIEF JUSTICE.

O'NIELL, C. J. (dissenting).

I concur in the opinion that the prescription of five years, which bars only actions founded upon informalities, is not applicable to this case, where property belonging to a succession, and to minor children, was sold to pay debts, and was sold for less than two-thirds of the amount at which it was appraised. In fact, one of the tracts of land, appraised at $1,710, was sold for $600, and the other tract, appraised at $3,000, was sold for $800. But I do not consider it a matter of any importance that some witnesses for the defendants, on the trial of this case, sixteen years after the sale of the property, thought the price was sufficient. The only criterion for determining the price at which a valid sale may be made of minor children's property, to pay the debts of the succession of their ancestor, is the appraisement made for the purpose of the sale. Lacroix v. Crane, 133 La. 233, 62 So. 657. Thibodeaux v. Thibodeaux, 112 La. 906, 36 So. 800, is not authority to the contrary, because in that case the plea of prescription of five years was overruled; hence the statement that the selling of the property for less than two-thirds of the appraisement might have been deemed an informality if the property had been sold for all that it was worth, was entirely aside from the question which the court decided. That is true also of Lacroix v. Crane.

My opinion is that the plea of prescription of ten years should be overruled, especially with regard to the tract of land having an area of 100 acres, because the defendants were aware of the fact that the property was sold for very much less than two thirds of its value, according to the appraisement; and hence the defendants cannot be said to have been possessors in good faith. It appears also that one of the plaintiffs, Armide Arceneaux, was less than twenty-two years of age when this suit was filed, and as to him I doubt that the prescription of ten years could prevail, even if the defendants had been possessors in good faith. The prescription of ten years, however, was not considered at all in the original decision of this case, by this court; and I respectfully submit that the subject ought to be dealt with more thoroughly now, with reference to the facts on which the plea is founded.

On Second Rehearing.

ROGERS, J.

A further consideration of this case has confirmed the correctness of the view expressed in our original opinion that the title of the defendants A. J. and J. C. Cormier

to the property in dispute is protected against plaintiffs' attack by the prescription of five years provided by article 3543 of the Civil Code. This prescription applies to the informality arising from the sale of the property for its full value although for less than two-thirds of its appraised value, as well as to all informalities existing prior to the order of sale, which was issued by a competent court.

The record discloses that some fifty or sixty persons attended the succession sale, which was conducted by H. E. Estorge, a reputable auctioneer, now dead. There was competitive bidding on both tracts of land, and nothing at the sale occurred to differentiate it from the usual sale of succession property.

The record also discloses that the appraisements were excessive and that the property brought all that it could reasonably be expected to bring at the time it was sold.

In these circumstances, we think that the case falls within the rule stated in Thibodeaux v. Thibodeaux, 112 La. 906, 36 So. 800, 802, approved in Lacroix v. Crane, 133 La. 227, 62 So. 657, and Huckaby v. Huckaby, 134 La. 107, 63 So. 755, namely: "The law requires that the property of a succession shall be inventoried and appraised (Civ. Code, arts. 1101, 1106), and it has been held by this court that it cannot legally be sold at the first offering, for cash, for less than two-thirds of the appraisement. Succession of Hood and Wife, 33 La. Ann. 472. If however, it be sold for less, but neither fraud nor injury are shown, and it does not appear that the price obtained was less than could reasonably have been expected at a forced sale, the failure to obtain the required amount may be regarded as an informality. Upon the other hand, if it be sold, not only for less than the required amount, but for less than its value at the time and under the circumstances, the failure to obtain the required amount is not an informality, but a matter of substance."

It is true that in the Thibodeaux, Lacroix, and Huckaby Cases the prescription of five years was held to be inapplicable, but that was only because the facts in those cases did not bring them within the operation of the rule, and not because the rule itself is not a salutary one. For our own part, we think the rule is fundamentally sound and should be adhered to and applied in proper cases.

The prescription provided by article 3543 of the Civil Code has been held to apply to informalities of advertisements in judicial sales. Samuels v. Parsons, 146 La. 262, 83 So. 548; Nagel v. Clement, 113 La. 192, 36 So. 935. Even a total want of advertisement has been held to be cured, Louaillier v. Castille, 14 La. Ann. 777. And an adjudication at a sheriff's sale for less than the inventory appraisement is covered by the prescription of five years. Munholland v. Scott, 33 La. Ann. 1043.

In Fraser v. Zylicz, 29 La. Ann. 534, where, on application of their tutor authorized by a family meeting, minors' property was sold in order to maintain and educate the minors, this court held that the purchaser was protected by the prescription of five years under article 3543 in an action to annul the sale on the ground, among others, that the adjudication was for less than the appraised value of the property. The court said: "It is manifest that the adjudication of a minor's property for less than its appraisement is not

absolutely null, but only annullable. The adjudication of it by the sheriff for less than its appraisement is an informality and illegality of the sale, like that made without advertisement, or with an insufficient advertisement, or without appraisement, and the like."

Appellants refer to article 990 of the Code of Practice as requiring that the full appraisement must be reached on the first offering of succession property. But that article applies only when the sale is demanded by creditors, and not to a sale made upon application of an administrator to pay debts, in which case, whether there are minor heirs or not, the adjudication can be legally made at two-thirds of the appraisement. Succession of Hood, 33 La. Ann. 466.

Appellants also cite the following cases, viz.: Morton v. Reynolds, 4 Rob. 28; Succession of Porter, 5 Rob. 96; Collier v. Stanbrough, 6 How. 14, 12 L. Ed. 324, affirming Collier v. Stanbrough, 6 Rob. 230; Succession of Fritz, 12 La. Ann. 368; Herrmann & Vignes v. Fontclieu, 29 La. Ann. 502; Succession of Tabary, 31 La. Ann. 409; Succession of Hood, 33 La. Ann. 472; Brewer v. Brewer, 145 La. 835, 83 So. 30; Killeen v. Boland Gschwind Co., 157 La. 566, 102 So. 672; Pratt v. Dalgarn, 166 La. 35, 116 So. 585; Fisette v. Taylor, 167 La. 1103, 120 So. 872.

None of these cases, however, involved the prescription of five years provided by article 3543 of the Civil Code, except Morton v. Reynolds, Pratt v. Dalgarn, and Fisette v. Taylor.

In the Morton Case, the court refused to apply the prescription where the property of

a minor was sold to her tutrix for less than the appraisement and that no undertutor was present at the family meeting which advised the sale. In the Pratt Case no argument was made in support of the prescription of five years. There the court held that the prescription was not sufficient to establish the title of a purchaser under tax sales where the sales were absolutely null because of the dual assessment of the property and the prior payment of taxes thereon. These cases contain nothing opposed to the application of the prescription of five years in the present case.

Fisette v. Taylor is unfavorable rather than favorable to the position assumed by appellants. There the prescription of five years was applied to a public sale by a tutor of his ward's property where the property was sold for less than its appraised value. The court said: "The most serious of the three complaints mentioned is that the sale was made for a price less than the appraised value of the property, and it is well settled that even that complaint is barred by the prescription of 5 years, under article 3543 of the Civil Code, in those cases where the complaint would be good if made within 5 years; but the complaint is never well founded when the sale (for two-thirds of the appraised value of the property) was made on the application of an administrator for the purpose of paying the debts of the succession, even though there were minor heirs." Following which is a long list of authorities.

For the reasons assigned the judgment appealed from is affirmed.

O'NIELL, C. J., and ODOM, J., dissent.