EDWARDS, Judge.
Plaintiff, Hamilton Carter, filed this action for a declaratory judgment to determine his rights in certain immovable property.
Plaintiff’s petition made the following allegations: Richard Carter acquired 11 acres of land and in said acquisition described himself as “once married and then to Ernestine Harrison, from whom he was legally divorced.” Richard Carter died in October, 1969. On June 5,1970, a suit for executory process was filed against the “Richard Carter Estate,” praying that those 11 acres be sold at public sale to satisfy a mortgage granted by Richard Carter on August 15, 1962. In that suit for executory process, it was alleged that the Estate of Richard Carter had not been opened and it was necessary to appoint a curator to represent the estate. On August 12, 1970, the property was sold by the sheriff for $3,800.00 to satisfy the $1,000.00 debt for which the executory process suit was filed, but plaintiff never received any of the proceeds of the sale. On September 3, 1970, the purchaser at the sheriff’s sale sold the property to Temple D. Carter and Adeline Turner, who in turn sold it to Isaac R. Carter on December 28,1973. Adeline Turner, grandmother of the plaintiff, died on December 24,1974, and plaintiff was recognized as her sole heir. At the time of the Sheriff’s Sale in the executory process proceeding, plaintiff was a minor 16 years of age living with his mother, Ernestine Steele, the former wife of Richard Carter. The curator appointed for the Estate of Richard Carter did not attempt to determine the heirs of Richard Carter and plaintiff was never legally brought into court in the executory process proceeding.
In summary, plaintiff alleged that “due process of law was not observed in this matter, and that Hamilton Carter, as sole heir of the late Richard Carter, was never divested of any interest in said property nor did he receive any of the proceeds of said Sheriff’s Sale.” Plaintiff’s suit sought a declaratory judgment recognizing him as the sole owner of the 11 acre parcel of land.
Defendant, Isaac Carter, filed a peremptory exception of prescription, based upon Louisiana Civil Code article 3543. The trial court sustained defendant’s exception and dismissed plaintiff’s suit. Plaintiff has appealed that ruling, contending that Article 3543 is not applicable in this case.
LSA-C.C. art. 3543 provides as follows:
“All informalities of legal procedure connected with or growing out of any sale at public auction or at private sale of real or personal property made by any sheriff of the Parishes of this State, licensed auctioneer, or other persons autho *282 rized by an order of the courts of this State, to sell at public auction or at private sale, shall be prescribed against by those claiming under such sale after the lapse of two years from the time of making said sale, except where minors or interdicted persons were owners or part owners at the time of making it, and in the event of such ownership or part ownership by said minors or interdicted persons, the prescription thereon shall accrue after five years from the date of public adjudication or private sale thereof.”
What we are called upon to determine is whether plaintiffs suit for declaratory judgment is one which urges “informalities of legal procedure connected with or growing out of any sale at public auction.... ” We hold that it does and affirm the decision of the district court.
Plaintiff asserts that Article 3543 is not applicable to this action. He relies upon Placid Oil Company v. A. M. Dupont Corporation, 244 La. 1075, 156 So.2d 444 (1963). In that case, our Supreme Court declared the following:
“The prescription announced by this co-dal article is appropriate only to infor-malities, or relative nullities. It has no pertinence to a failure to pay the price of adjudication in a judicial sale. Payment of the price is of the essence of the judicial sale. As we have seen the failure to pay transforms the sale into an absolute nullity.” 156 So.2d at 449.
Plaintiff maintains that his suit raises a question regarding the payment of the purchase price at the sheriff’s sale, which would render the sale an absolute nullity and make Article 3543 inapplicable.
We do not agree. Plaintiff’s petition does not allege that the purchase price was not paid. To the contrary, it alleges that “the property was sold by the sheriff for $3,800.00 to satisfy the $1,000.00 for which the executory process was filed, but your petitioner never received any of the proceeds of the sale.” Clearly, this language should be construed as alleging that the purchase price was paid but that plaintiff never received the funds which the sale generated in excess of the debt owed.
The adjudication at a judicial sale transfers to the purchaser all of the claims and rights belonging to the judgment debt- or. La.C.C.P. 2371. Once the price is paid, title vests in the purchaser. Coen v. Toups, 168 So.2d 893 (La.App. 2d Cir. 1964). It is well established that the bona fide purchaser at a judicial sale is not required to look beyond the decree of the court vested with jurisdiction ordering the sale of the property. Arceneaux v. Cormier, 175 La. 941, 144 So. 722 (1932); Thibodaux v. Barrow, 129 La. 395, 56 So. 339 (1911); Granger v. Hebert, 121 La. 1045, 46 So. 1012 (1908); Massie v. Brady, 41 La.Ann. 553, 6 So. 536 (1889). Plaintiff’s allegations, if proved, would not affect the validity of the sale as to the good faith purchaser.
Louisiana Code of Civil Procedure article 2373 provides:
Art. 2373 Distribution of proceeds of sale
After deducting the costs, the sheriff shall first pay the amount due the seizing creditor, then the inferior mortgages, liens, and privileges on the property sold, and shall pay to the debtor whatever surplus may remain, (emphasis ours)
The record is void of any evidence as to the actual disbursement of the proceeds by the sheriff or the curator ad hoc, appointed to represent the estate of Richard Carter. Any action plaintiff may have for alleged incorrect distribution or wrongful withholding of funds is not before this court.
The other irregularities which plaintiff alleges are his lack of representation and the denial of “due process of law.” These are relative, rather than absolute, nullities and are subject to the prescriptive provisions of Civil Code article 3543. See Sun Oil Company v. Roger, 239 La. 379, 118 So.2d 446 (1960).
Finally, plaintiff contends that Article 3543 is inapplicable because defendant is not a good faith purchaser. It has been held that the benefit of prescription under Article 3543 is only available to good faith purchasers. Bordelon v. Bordelon, 180 *283 So.2d 855 (La.App. 3rd Cir. 1965). In brief, counsel for plaintiff asserts that the purchaser at the sheriff’s sale was an attorney who was acting on behalf of plaintiff’s grandmother, Adeline Turner. Plaintiff contends that because the purchaser was an attorney, who sold the property to his client soon after the sale, it must be presumed that he acted in bad faith.
Plaintiff’s petition makes no allegation of bad faith upon the part of the purchaser at the sheriff’s sale, nor does it allege that the purchaser was acting on behalf of Temple Carter and Adeline Turner. This court cannot base its review of a case upon the factual representations made by counsel in brief. There is no evidence in the record which supports these allegations of bad faith nor do these allegations appear in the petition. Therefore, we find this exception to the operation of Civil Code article 3543 to be inapplicable.
For the foregoing reasons, the judgment of the district court is affirmed. Costs of these proceedings are assessed against plaintiff-appellant.
AFFIRMED.